**Harold JACOBSON, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

United States District Court
S. D. New York.
May 4, 1960.

Halperin, Natanson, Shivitz, Scholer & Steingut, New York City, for plaintiff; David I. Shivitz, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for defendant, Burton M. Fine, New York City, of counsel.

THOMAS F. MURPHY, District Judge.

These are cross-motions for summary judgment in an action to review a decision of the Secretary of Health, Education and Welfare denying plaintiff's application for a "disability freeze" under the Social Security Act.

Our limited duty is to review the record and determine whether the decision of the Secretary denying the application for a "disability freeze" is supported by substantial evidence. 42 U.S.C.A. § 405(g).

The original and supplementary record before the Social Security Administration together with the pleadings are before us, and resolution of the question is limited to them.

There being no dispute relative to the necessary "periods" involved, plaintiff would be entitled to the "disability freeze" if he proved an *inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration.* This burden is on plaintiff. 42 U. S.C.A. § 416(i).

The Secretary accepted plaintiff's testimony with reference to his heart con-

dition and the testimony of his doctors, and other exhibits relative to his disability status with the Metropolitan Life Insurance Company, but determined that plaintiff had failed to sustain his burden. The Appeals Council in a very lengthy and exhaustive review of the evidence determined that plaintiff had not by proof satisfied the statutory definition of disability even assuming that he had a coronary insufficiency (although there is some evidence to the contrary) and an anxiety concerning his physical condition.

The principal argument of plaintiff is bottomed on Dr. Gross's findings. Dr. Gross, retained by the Secretary, reported as follows:

"The question arises about the cause of the present disability and the contribution of coronary disease in its causation. This question we are now in a position to answer. Mr. Jacobson has coronary artery disease. He is at the present moment, totally disabled. Though he has a heart condition I believe that it is contributing very little to his present disablement.

"In other words he has a heart condition but disability is of another cause. Disability in the presence of a heart condition is due to an extra cardiac cause, in his instance to a marked longstanding anxiety neurosis which is totally disabling.

"As to the question of permanency of disability: Experience has been that when a man has been totally disabled for eight years the likelihood of successful rehabilitation is not great. Nevertheless attempts at rehabilitation are worth considering. Such an attempt would have to be undertaken in a workshop exemplified by the Altro Rehabilitation Center in conjunction with psychiatric help to uncover the cause of his deep seated neurosis."

Dr. Gross found that plaintiff was *totally disabled*. Plaintiff claims

that that finding is conclusive on the Secretary. It should be noted, however, that Dr. Gross said that although plaintiff had a coronary insufficiency, the underlying cause of his disability was not the heart condition but a long standing anxiety neurosis. The fact that Dr. Gross said plaintiff was totally disabled does not bind the Secretary. Otherwise there would be no need for a hearing. What a doctor gives as his opinion should, of course, be received and considered, but we have not arrived at that altar where all must be abject to medical opinion. Congress has defined the extent and nature of the disability that plaintiff must prove; it did not preclude the Secretary from examining and weighing all the evidence and coming to his own reasoned conclusion. In fact it requires him so to do.

It seems to us that there is ample evidence to support the Secretary that the coronary insufficiency claimed was not of sufficient disabling characteristics so as to compel the conclusion that plaintiff was unable to engage in any substantial gainful activity. Assuming the accuracy of Dr. Gross's opinion, namely that plaintiff was prevented from engaging in any substantial gainful activity by reason of his neurosis, that, if proved, might be sufficient basis for the claimed disability. But the fact is, there is no evidence at all in the case even tending to show that plaintiff had such neurosis aside from the naked opinion of the doctor. Furthermore, the government offered at its expense to have a psychiatrist make an appropriate psychiatric examination, but that was refused by plaintiff and plaintiff's counsel.

On the whole record we are satisfied that the Secretary was not in error and that his denial was supported by substantial evidence. Accordingly, the government's motion for summary judgment is granted and plaintiff's motion is denied.

These are orders. No settlements are necessary.