**Max STOLIAROFF, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 7865.**

United States District Court
N. D. New York.

Oct. 24, 1961.

Vorton B. Boghosian, Latham, N. Y., for plaintiff.

Justin J. Mahoney, U. S. Atty., Syracuse, N. Y., for defendant; Robert A. Contiguglia, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

JAMES T. FOLEY, District Judge.

This action is one filed under the provisions of Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)) to review the decision of the defendant Secretary denying plaintiff's claim for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Act. (42 U.S.C.A. §§ 416(i), 423). Both sides move for summary judgment. The matter has followed the usual administrative course and there is presented a complete, orderly record of such procedures with the transcript of the hearing before the Referee of the Social Security Administration with exhibits attached. The Appeals Council of the Department denied the request for review of the Referee's decision on the ground that a formal review would result in no advantage to the claimant.

I am not without judicial experience in this type review. Ussi v. Folsom, D.C. 1957, 157 F.Supp. 679, affirmed 2 Cir., 254 F.2d 842; Remington v. Folsom, D.C. 1958, 157 F.Supp. 473; see also Walker v. Altmeyer, 2 Cir., 1943, 137 F.2d 531; Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901. My recent research of the law for the purpose of this case discloses that since my slight contribution there is now a mass of judicial writing in these disability reviews. Fine distinctions of the individual fact situations, at times with legal refinement, are reasoned in answer to the express statutory language of the review section (§ 205(g)), plainly directing restricted judicial review. Many of these situations had factors of extreme physical disability. Judicial labor to reverse a decision of the hearing Referee, clearly wrong, is always praiseworthy and proper when substantial evidence is lacking to support the administrative determination. An exhaustive compilation and review of most of these cases, with excerpts from many of them, relevant legislative history, departmental regulations and definitions pertaining to this difficult "disability" term is contained in Randall v. Flemming, D.C.W.D. Mich.1961, 192 F.Supp. 111.

The fundamental and elemental concept must be recognized that the legislative words conferring conclusiveness upon facts found by the administrative

agency, if supported by substantial evidence, is to be carefully adhered to by the specialized agencies and should not be frustrated or intruded upon to any degree by personal judicial viewpoint if substantial evidentiary support is found in an examination of the whole record. The finality accorded the found facts extends to inferences to be drawn from conflicting evidence if so supported. Care must be exercised to the greatest degree that the substitution of independent and original judicial appraisal and inference from the record does not mar an express legislative policy that seeks finality and expedition in the administrative processes and decision when in accord with reason, fairness and law. Swayne & Hoyt, Ltd. v. United States, 300 U.S. 297, 304, 57 S.Ct. 478, 81 L.Ed. 659; N.L.R.B. v. Link-Belt Co., 311 U.S. 584, 597, 61 S.Ct. 358, 85 L.Ed. 368; Gray v. Powell, 314 U.S. 402, 411–412, 62 S.Ct. 326, 86 L.Ed. 301; Hobby v. Hodges, 10 Cir., 215 F.2d 754, 757; United States v. LaLone, 9 Cir., 152 F.2d 43, 44; Walker v. Altmeyer, 2 Cir., 137 F.2d 531, supra; Rosewall v. Folsom, 7 Cir., 239 F.2d 724, 728; Boyd v. Folsom, 3 Cir., 257 F.2d 778, 781; Carqueville v. Flemming, 7 Cir., 263 F.2d 875, 877. However, it is clear from the grant of power under § 205(g) of the Act to modify or reverse the Secretary with or without remanding the cause for rehearing or for good cause shown to remand for additional evidence that Congress did not contemplate blind, mechanical stamp of approval by the Court when search of the whole record does not satisfy the judicial conscience that the substantial evidence standard has been met. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 490, 71 S.Ct. 456, 95 L.Ed. 456; Goldman v. Folsom, 3 Cir., 246 F.2d 776, 778; Crowley's Milk Co. v. Brannan, 2 Cir., 198 F.2d 861, 863; Kerner v. Flemming, 2 Cir., 283 F.2d 916, 922, footnote 9.

■ The burden of proof in these disability situations by law is placed upon the individual, and such approach is agreed to by the Court of Appeals, Second Circuit with qualifications expressed and confined to the record before it in that particular case. Kerner v. Flemming, supra, 2 Cir., 283 F.2d at pages 921–922. Disability to any extent arising from illness and distress creates sympathy and emotion in the heart of every citizen, whether he be layman, referee or judge. However, balanced judgment must be made in accordance with legal principles no matter the harshness of result because that is the pride of our system of law. Comfort comes only from the knowledge that this massive humane program is under continuous executive and legislative study with the assistance of distinguished and dedicated citizens and committees expert in the social assistance and security field. Vol. 3 Cong. & Ad.News, 84th Cong. pgs. 3877–3976; Joki v. Flemming, D.C., 189 F.Supp. 365, 372. This noble legislation now taken for granted was initiated and has been extended and clarified by executive and legislative wisdom when necessary. In my judgment, the judicial branch should use its power sparingly in this field to correct only manifest injustice or obvious erroneous administrative procedure or decision.

■ The decision of the Referee concluding that the plaintiff failed to meet the burden of proof as to the elements required under the definition of the Act to establish disability contains a conscientious and careful appraisal of all the evidence with competent discussion of the applicable law. The plaintiff testified without counsel although the notice of hearing advised prominently he could be represented by a lawyer or qualified non-lawyer. The record shows courteous treatment and questioning throughout by the Referee and intelligent answers by the plaintiff responsive to the questions. The medical reports in evidence of three doctors were carefully evaluated in the decision. The written and detailed reports of the general practitioner and cardiac specialist who treated him for a period of years justify and support the finding of the Referee that cardiac impairment suffered by the plaintiff is one classified under the scientific standards

of the American Heart Association as Class IIC. This classification is characterized by the Association as one of slight limitation cautioning that ordinary physical activity should be moderately restricted. The doubt that the Referee had as to the findings and conclusion of a cardiac specialist to whom the plaintiff was referred by his medical doctor is explained with reason in his decision, and such evaluation is well within the power of the trier of the fact. As a trial judge does sitting alone, or a jury under proper instructions, the analysis of the extent of physical impairment or disability necessitates the consideration of all the medical evidence and other facts in the record that bear on the issue. Joki v. Flemming, D.C. Mont., 189 F.Supp. 365, 371; Jacobson v. Flemming, D.C.S.D.N.Y., 186 F.Supp. 936, 937; United States v. Spaulding, 293 U.S. 498, 506, 55 S.Ct. 273, 79 L.Ed. 617. As to these imponderables, absolute certainty and perfection of decision is humanly impossible and the search on review of this kind is for adequate support of fair and rational determination.

The Referee had the right to consider the fact that the opinion medical report of severe heart damage restricting any type activity with the unusual legal conclusion that the plaintiff is entitled to social security disability benefits was based upon a single physical examination. It was also his right and duty to consider the thoroughness of the one examination as indicated by the report and compare the inconsistencies evidenced by other facts and medical opinions that would detract from its worth. Together with the medical reports, the daily activity of the plaintiff since his retirement from the General Electric Company in 1958 as he described it, particularly in relation to any pain or discomfort, was of prime importance in the delicate and difficult decision of severity of the extent of physical impairment. The economic circumstances of the plaintiff at the time of his retirement for disability from General Electric Company in 1958 after doing light work as a stock clerk for such company since 1954 and the amount of pension he received as a result of such disability were subject to rational deduction by the Referee as he saw fit to apply them to the issue of inability to pursue any substantial, gainful activity.

The Referee, as he should, seriously discussed this disability retirement and the further facts that a life insurance company waived payment of premiums for disability and the New York State Department of Labor, Division of Unemployment, determined that the plaintiff was capable only of working two hours a day, five days a week. At first blush these determinations would seem to be unmatchable and most compelling evidence of disability, but reflection and logic teach that the definition of disability to be met is the one contained in the federal Act and the regulations. The law is settled that such outside determinations are not binding upon the government agency, and the Referee need only consider them with all the other evidence. Johnson v. Flemming, D.C.Or., 188 F.Supp. 447, 449, 450; Jacobson v. Folsom, D.C., 158 F.Supp. 281, 287.

An interesting opinion in this type review has been written by Judge Friendly of the Court of Appeals, Second Circuit. Kerner v. Flemming, 2 Cir., 283 F.2d 916. A remand was made particularly for the Secretary to take better medical evidence as to what work the plaintiff can and cannot do, and the furnishing of information by the Secretary for the record as to employment opportunities or the lack of them for persons of the plaintiff's skills and limitations. This opinion was handed down November, 1960, and the decision of the Referee in this situation was made June 30, 1959, and he did not have the benefit of Judge Friendly's reasoning. Pursuant to the Kerner writing, several cases have been remanded for further evidence and findings in this limited respect automatically. Hall v. Flemming, 6 Cir., 289 F.2d 290; King v. Flemming, 6 Cir., 289 F.2d 808; Melisi v. Flemming, D.C.E.D.N.Y., 193 F.Supp.

560; Barnum v. Ribicoff, (N.D.N.Y. Brennan, Ch. J.), decided July 17, 1961.

My reading of the Kerner decision does not require remand here. In my judgment, Judge Friendly conveys caution and concern throughout that his writing be confined to the factual situation presented. The previous rulings of the Court in Walker, Ussi and Adams, supra, Second Circuit, upholding the standard approach to review were not disowned. Particularly noteworthy for me is the agreement by Judge Friendly that the burden of proof requirement (42 U.S.C.A. § 416(i) (1); § 423(c) (2) placed upon the individual claimant must prevail unless "the applicant has raised a serious question and the evidence affords no sufficient basis for the Secretary's negative answer." 283 F.2d at page 922. Another significant difference from this situation is that the record in the Kerner case contained evidence of some attempt by the applicant to do certain types of light work that resulted in much discomfort. To the contrary, here there is adequate medical evidence to uphold the decision of the Referee as a rational determination. There is no argument advanced, or good cause shown, by the plaintiff for opportunity to provide better medical evidence that would demonstrate "what the plaintiff can or cannot do." If the requirement as to burden of proof is to be honored, it would seem the Referee set forth his findings and conclusion sufficiently to the effect that the statutory definition, and regulations thereunder concerning disability and severity of impairment were not met by the evidence presented at the hearing. Baltimore & O. R. Co. v. United States, 3 Cir., 201 F.2d 795, 798. It seems to me that Judge Friendly did not intend straight-jacket formalism by the Referees in the formulation of their decisions. Under my ruling upholding the determination as to failure of proof on the prime question of severity of impairment, there is no necessity to delve into the mysteries of employment opportunities. As a fact of life, employment is a matter of fortune. Surplus labor areas and types of available employment differ in most sections of the country. In this progressive and scientific age, government agencies alone or in combination may have the know-how to survey such situations with reasonable certainty of prediction. But to particularize that a certain human being with individualistic impairment and limitation may or may not have employment opportunity in a certain area, in my inexperienced judgment, may require an elite group of soothsayers superbly trained to probe the many intangibles.

The motion by the defendant for summary judgment is granted and the motion of the plaintiff for the same relief is denied. The Clerk is hereby directed by this order to enter judgment in favor of the defendant, affirming the decision of the Secretary and dismissing the complaint. See Matteson v. United States, 2 Cir., 240 F.2d 517.

It is so ordered.