Odist JARVIS, Plaintiff,

v.

Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 510.

United States District Court E. D. Kentucky, Catlettsburg Division.

Jan. 5, 1962.

"* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

A review of the record discloses that the Referee and the Appeals Council had substantial evidence to support their decisions denying the plaintiff's claim that he was totally and permanently disabled within the meaning of the Act.

The judgment of the administrative body should not be disturbed if based upon conclusions reasonably reached upon consideration of all issues presented after the parties in interest had been given a fair hearing. Ussi v. Folsom, D.C., 157 F.Supp. 679, affirmed 2 Cir., 254 F.2d 842.

The findings of the Secretary as to any fact, if supported by substantial evidence, are conclusive in an action such as this. Crooks v. Folsom, D.C., 156 F. Supp. 631. A comprehensive statement of the law applicable to the instant case is contained in the following quotation from that case:

"In a proceeding such as this, the court is not authorized to substitute its judgment for that of the administrative judgment, nor may it set aside the determination of the Appeals Council if there is any legal basis therefor.

" 'The decision of this Court depends upon whether the inference and conclusion reached by the Appeals Council is one which legally and logically might be concluded from the record made. Such determination of the Appeals Council will not be set aside by the courts if there is any legal basis therefor and the conclusion reached by the Appeals Council is a permissible one from facts in the record, even though upon a consideration of all the evidence this Court might have reached a different conclusion. It is axiomatic in a proceeding such as this, that we are not authorized to sub-

William L. Steele, Ashland, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

In considering the defendant's motion for summary judgment, the court is limited in its review of the record to the determination of one question and that is, are the findings of the Secretary as to any fact supported by substantial evidence?

Section 205(g) (42 U.S.C.A. § 405(g)) of the Social Security Act, as amended, provides:

stitute our own for that of the administrative judgment.' Thurston v. Hobby, supra, 133 F.Supp. at page 209."

▮▮ There is evidence to support the decision of the Hearing Examiner that plaintiff is not entitled to benefits. In particular, none of the medical evidence contains descriptions of the severity of the symptoms such as would indicate that there exist impairments sufficiently disabling to qualify plaintiff for benefits under the narrow definition of disability imposed by the Act. The Examiner was free to infer either that surgery would be of substantial help or that it would not, according to his own evaluation of such evidence as there was. It is not for the court to choose the better inference, either as to the sufficiency of the symptoms to constitute compensable disability or to probabilities of successful surgery. Crooks v. Folsom, supra. The Examiner was free to deal with as he saw fit the opinions of the physicians on the ultimate fact of disability. Jacobson v. Folsom, S.D.N.Y., 186 F.Supp. 936 (1960). It is therefore felt that there is nothing in the record which would permit the court to disturb the Secretary's finding as to the absence of disability.

Counsel for plaintiff urges that the decision in Hall v. Flemming, 6 Cir., 289 F.2d 290, (1960) and like cases, has an application to the facts in this case so as to require a finding by the Secretary concerning what occupation the claimant can engage in and what the opportunities are in this field. The very recent opinion in Stoliaroff v. Ribicoff, N.D.N.Y., 198 F.Supp. 587 (1961), renders this contention doubtful. This decision shows a tendency to limit the rule in Hall v. Flemming, supra, to those cases in which the claimant has unsuccessfully attempted work in some occupation different in its physical demands from the claimant's usual occupation.

An order sustaining the defendant's motion for summary judgment is this day entered.