**Earl LITTLETON, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**No. 540.**

United States District Court
E. D. Kentucky,
Catlettsburg Division.

July 5, 1962.

William C. Kibbey, Grayson, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This is to review a determination of the Social Security Administration denying plaintiff's eligibility for disability benefits under Section 223 of the Social Security Act. (42 U.S.C.A. § 423).

Plaintiff was born in 1905 and his working life has been mainly devoted to driving mule-drawn wagons in a refractory in Carter County. He has a third grade education but can do no more than read and write his name. At various times he has done farm work and is now living on a small farm with his wife and thirteen children and grandchildren. He feeds some hogs and chickens. His income consists of an $80 monthly pension from his former employer. The farm belongs to plaintiff's wife. His employment history seems to have been very regular between 1936 and 1957. His last day of employment was February 5, 1957.

The present action concerns an application for benefits made in December 1959. Plaintiff applied for benefits in 1957 but

abandoned the claim before pursuing it to the highest administrative level. The basis of the present application is plaintiff's complaints of arthritis of the spine, ulcerated stomach and removal of the right lung. Tr. 52. Since the case involves a wide range of impairments and since much of the evidence is cumulative and conflicting, presentation of it can best be made in tabular form. A summary of the diagnoses and other findings of the physicians who have reported on plaintiff's condition follow:

I. Ulcers.

November 2, 1957, Tr. 36. Dr. R. G. Townsend, Grayson.

Existence of peptic ulcer noted and said to be resistant to treatment. Surgery said to have been advised but refused.

April 30, 1958, Tr. 38, Dr. R. G. Townsend, Grayson.

Peptic ulcer improved.

January 5, 1960, Tr. 60, Dr. Paul F. Rizk, Grayson.

Presence of "old" gastric ulcer noted.

January 5, 1960, Tr. 62, Dr. S. A. Past, Olive Hill.

Presence of peptic ulcer noted.

July 18, 1960, Tr. 75, Dr. M. J. Murphy, Ashland.

Upper "G. I. series" performed. No evidence of ulcer at the time. Normal "gastro-duodenal" found.

July 21, 1960, Tr. 77, Dr. J. Russell Cook, Huntington, West Virginia.

Possibility of gastric or duodenal ulcer is described.

February 2, 1961, Tr. 90, Dr. H. E. Shufflebarger, Grayson.

Existence of peptic ulcer is noted.

The most that can be said of the foregoing is that it represents a divergence of opinions among the various physicians who have examined the plaintiff. It is not for the court to set this controversy at rest. This court is limited in its jurisdiction to review to an examination of the record to determine that there is substantial evidence to support the decision of the administrative authorities. 42 U.S.C.A. § 405(g). Where the evidence is conflicting and will support a number of diverse inferences, the choice of theories is to be made in the Social Security Administration, not in the courts. Crooks v. Folsom, E.D.N.Y., 156 F.Supp. 631 (1957).

II. Arthritis.

November 2, 1957, Tr. 36, Dr. Townsend.

Plaintiff has advanced osteoarthritis. Condition progressive.

April 30, 1958, Tr. 38, Dr. Townsend.

Observed that plaintiff is afflicted with generalized osteoarthritis most evident in the lumbar spine where it is described as severe. Arthritis said to be unimproved since previous observation.

January 5, 1960, Tr. 60, Dr. Rizk.

Arthritis of lumbo-sacral spine. Tenderness over the lumbo-sacral spine. No restriction of activities prescribed.

February 1, 1960, Tr. 64, Dr. Rizk.

Arthritis of lumbo-sacral spine. Condition static. No restriction on activities.

July 21, 1960, Tr. 77, Dr. Cook.

Spasm and tightening of the lumbar muscles bilaterally. Lateral motion of the lumbar spine is essentially normal but pain is produced over the left lumbar muscles when the spine is flexed to the right. Plaintiff can bend forward with his knees stiff until his hands are within 12 inches of the floor.

February 20, 1961. Tr. 90, Dr. H. E. Shufflebarger, Grayson.

Plaintiff has arthritis of the spine.

Again there is no clear-cut agreement among the doctors that the arthritic condition is present with such severity that plaintiff's working ability is seriously curtailed. The only physician that really presents an analysis of plaintiff's condition as it relates to his ability to work is Dr. Cook. And this is

to the effect that plaintiff is fairly free of demonstrable impairments traceable to arthritis. The inference to be derived from Dr. Cook's report is that plaintiff can do most types of work but that he would at times be subject to pain. Pain by itself cannot be made the basis for awarding disability benefits. Adams v. Flemming, 2 Cir., 276 F.2d 901 (1960). The other reports on the arthritic condition do not lend themselves to conclusions as to whether it is disabling or has any tendency in this direction. The mere fact that a given malady is present does not furnish the layman with any basis for deciding if the subject is disabled, particularly where it is one that is known generally to beset the body in degrees of severity.

III. Removal of Right Lung.

February 3, 1954, Tr. 40, Dr. Herell, St. Joseph Hospital, Lexington.

Caseous mediastinal lymph node. (Cheeselike lymph node between the lungs) Probably tubercular. Performed right thoractomy. (Incision in the chest)

September 14, 1955. Tr. 43, Dr. Robert Shephard, Good Samaritan Hospital, Lexington.

(Presumed to relate to thoractomy) Abscess of sixth right rib. Mild increased bronchovascular (pertaining to tube-like tissues associated with the bronchi) markings throughout the lung fields.

October 18, 1955, Tr. 44, Dr. Moosnick, Good Samaritan Hospital, Lexington.

Puss residual ——— ——— ———
(illegible) right thoractomy.

January 1, 1960. Tr. 62, Dr. Past, Olive Hill.

Healed (excised) tuberculoma.

July 18, 1960. Tr. 76, Dr. A. L. Allen, Huntington, West Virginia.

Resection and partial regeneration of the sixth right rib. Chest negative except for certain minimally observable conditions.

July 21, 1960. Tr. 77, Dr. Cook, Huntington.

Pulmonary emphysema (swelling produced by gas in the pulmonary tissue) and fibrosis (increase in formation of fibrous tissue) manifested by:

A. Shortness of breath on exertion.

B. X-ray and fluoroscopic evidence.

C. Pulmonary function tests indicate very slight ventilatory defect. Pulmonary findings not considered disabling.

October 4, 1960. Tr. 84, Dr. Past, Olive Hill.

Dyspnea on walking fast.

This evidence does not establish that a lung has been removed but appears to point to the removal of some extraneous tissue. There seem to be residual effects from this operation but the severity and significance to the present inquiry of these is not revealed by the evidence beyond the use in several instances of the adjective, minimal.

IV. In several of the more recent medical reports there have been observations concerning the existence of heart trouble or circulatory disease:

July 21, 1960. Tr. 77, Dr. Cook, Huntington.

Minimal arteriosclerosis is seen in the arch of the aorta.

October 4, 1960. Tr. 84, Dr. Past, Olive Hill.

Possible angina pectoris. Arteriosclerous coronary arteries with narrowing and angina syndrome. Dyspnea and angina on walking fast.

February 20, 1961, Tr. 90, Dr. Shufflebarger, Grayson.

Angina Pectoris observed.

This evidence is likewise of little value towards determining plaintiff's capacity to work. There is no attempt on the part of the reporting physicians to demonstrate how it is related to activities of the type that he would have to engage in in order to work.

V. Numerous other complaints and symptoms are included in the medical reports:

September 19, 1955, Tr. 43, Dr.E.S. Maxwell, Lexington Clinic.

Needle Biopsy; questionable early cirrhosis.

July 21, 1960, Tr. 77, Dr. Cook, Huntington.

50% hearing loss, right side. Sugar in the urine indicates there is a possibility of diabetes mellitus.

This has little if any evidential value. It either rests upon conjecture and surmise or is not related to the question of disability by a description of the consequences of the impairments.

■ The conclusions of the examining doctors on the ultimate question of disability do not have evidential value as such. Jacobson v. Flemming, S.D.N.Y., 186 F.Supp. 936 (1960). But they do provide a means of determining how serious the physician considers the symptoms to be. Several of the medical reports present conclusions of this type:

November 2, 1957, Tr. 36, Dr. Townsend, Grayson.

Plaintiff advised not to work.

April 30, 1958, Tr. 38, Dr. Townsend.

Plaintiff advised not to work. Plaintiff is permanently and totally disabled.

January 5, 1960, Tr. 60, Dr. Rizk, Grayson.

No restriction on plaintiff's activities.

January 5, 1960, Tr. 62, Dr. Past, Olive Hill.

Plaintiff is able to work.

February 1, 1960, Tr. 64, Dr. Rizk, Grayson.

No restriction on plaintiff's activities. Plaintiff seems well able to work and take care of himself.

October 4, 1960. Tr. 84, Dr. Past.

Plaintiff should do no heavy work and should not walk fast.

In this respect, as was the case with the observations concerning the existence of ulcers, the physicians either do not agree or else the gravity of plaintiff's condition is so inconstant as to rebut any idea of permanence. As heretofore remarked, the court is not supposed to be the arbiter of disagreements between physicians. The choice among conflicting inferences is to be made by the Social Security Administration.

■■ The evidence does not by any means compel a different conclusion from that of the examiner. If the court were trying the case de novo it would be very difficult to decide whether plaintiff is able to work or not. As it is, however, the court is presented with a completed decision and can only determine that there is some evidence and some logic underlying it. 42 U.S.C.A. § 405(g). The inaccessibility to lay perception and sheer multiplicity of factors which determine disability make this field especially appropriate to judicial restraint. See Stoliaroff v. Ribicoff, N.D.N.Y., 198 F.Supp. 587, 590 (1961). The Social Security Administration, on the other hand, by the disposition of the countless disability claims made under this Act acquires an expertness that should not lightly be challenged. Federal courts are under an obligation to be mindful of the superior faculties of the day by day administrator. Mr. Justice Frankfurter, concurring in Trust of Bingham v. Commissioner, 325 U.S. 365, 377, 65 S.Ct. 1232, 89 L.Ed. 1670 (1945).

■ It is argued for plaintiff that the decision in Hall v. Flemming, 6 Cir., 289 F.2d 290, requires that this case be remanded to the Secretary with directions that evidence be taken concerning his residual work ability and opportunities for applying it. This is not such a situation. The Hall case did hold that where there is proof that the claimant cannot return to his life-long occupation by reason of his impairments there must be a finding as to his present employment prospects. Since the Hall case, however, the rule regarding evidence of employment prospects has been somewhat re-

fined. In Stoliaroff v. Ribicoff, supra, the court expresses the view that this finding need only be made where the claimant has attempted lighter work than his accustomed occupation and has found it impossible. The instant case does not fulfill this additional condition. Furthermore, the basis of the examiner's concession that claimant could not return to his old job was that the whole spectrum of occupations of a lighter nature is open to plaintiff. A specific enumeration of jobs within this range would not serve a purpose.

The defendant's motion for summary judgment is sustained and an order to that effect is entered as of this date.