**Reginald SPICKARD, Plaintiff,**

v.

**Abraham Alexander RIBICOFF, Secretary of Health, Education, and Welfare, United States of America, Defendant.**

Civ. A. No. 1211.

United States District Court
W. D. Kentucky,
at Paducah.

Oct. 10, 1962.

Andrew J. Palmer, David R. Reed, Paducah, Ky., for plaintiff.

Wm. E Scent, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

Plaintiff, Reginald Spickard, instituted this action under the Social Security Act, as amended, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health, Education, and Welfare. He seeks to establish a period of disability under 42 U.S.C. § 416(i) and disability insurance benefits under 42 U.S.C. § 423.

■ The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Moreover, the reviewing authority of this Court is limited since it may not substitute its findings for those of the hearing examiner which are supported by substantial evidence. Dean v. Flemming, D.C.Ky., 1959, 180 F.Supp. 553; Ferenz v. Folsom, 3 Cir., 1956, 237 F.2d 46. As stated in Carpenter v. Flemming, D.C.W.Va., 1959, 178 F.Supp. 791, 793:

"Analysis of the cases involving the term shows that 'substantial' evidence is more than a scintilla, but less than a preponderance. * * * This Court is limited in its review to determining whether there is substantial evidence to support the finding of the Appeals Council, and may not extend review to whether another conclusion is possible—or even more logical—under the record as adduced during the administrative process."

■ Plaintiff filed applications for disability insurance benefits on June 13, 1957, and October 16, 1958, which were denied because of his failure to meet the work requirement of twenty quarters of coverage in the forty-quarter period ending in the quarter in which he allegedly became disabled. He again applied for disability insurance benefits on February 26, 1959. April 23, 1959, plaintiff filed an application to establish a period of disability, alleging that he first became unable to engage in substantial work in March, 1955.

The applications filed by plaintiff in 1959 were denied initially and denied on reconsideration by the Bureau of Old-Age and Survivors Insurance after the Kentucky Bureau of Rehabilitation Services had determined that plaintiff was not under a disability. Plaintiff requested and received a hearing *de novo*. The hearing examiner also found him not to be under a disability, and plaintiff requested a review by the Appeals Council of the Social Security Administration. The Appeals Council received additional evidence but declined to review the hearing examiner's decision and it became the final decision of the Secretary of Health, Education and Welfare.

The parties agree that plaintiff last met the earnings requirements of the Act on June 30, 1955. Therefore, plaintiff's specially insured status, as provided in 42 U.S.C. § 416(i), terminated June 30, 1955.

Plaintiff suffered an injury to his back in March, 1955 while employed by the Fisher Body Division of General Motors in Detroit, Michigan. He claims disability from that date and is required to show that such disability existed prior to June 30, 1955.

Reports from two doctors concerning plaintiff's disability prior to June 30, 1955, were submitted in evidence before the hearing examiner. The report of Dr. Frank P. Walsh, Detroit, Michigan, dated May 18, 1955, and bearing his stamped signature, reads in part:

"IMPRESSION: Patient presents objective evidence of a recurrent lumbosacral strain syndrome, subjectively he markedly exaggerates. Despite that believe a real disability is present.

"ADVICE: "Therapeutic trial with adequate support. (Wear brace 24 hours per day, complete rest, stay on crutches and walk as little as possible. Considering patients age disability is probably permanent.)"

According to the transcript filed of record in this Court, the above statements appeared on the second page of report, all of which was typewritten except the statements appearing above in parentheses. The copy of the report bears the notation that these statements appear to be in handwriting of plaintiff, however, the hearing examiner evidently treated them as part of Dr. Walsh's advice. The first page of the report is not in evidence and its absence is not explained. It is noted that a second report from Dr. Walsh, dated May 11, 1959, states only that plaintiff was "Advised to secure adequate support."

Dr. O. W. Miller, the plant physician at Fisher Body Division, also reported on plaintiff's condition prior to June 30, 1955. His report, dated August 26, 1959, is as follows:

"Mr. Spickard was seen several times in the medical department of this plant from 1953 to October 11, 1955, for complaint of arthritic pain left shoulder and in neck. He alleged lower back distress following lifting at work. Also alleged one or two subsequent episodes of injury. X-rays of lower spine revealed some hypertrophic changes without evidence of injury.

"Subsequently, the compensation section arranged a settlement with Mr. Spickard relative to his alleged injuries and his employment was terminated.

"In my opinion, Mr. Spickard was not disabled for his usual Occupation."

Subsequent to an automobile accident in September, 1959, in which plaintiff sustained an injury, he was examined by five doctors and their reports were received in evidence by the hearing examiner.

Dr. B. K. Amos treated plaintiff from March 5, 1957, through February 4, 1959. He reported subjective symptoms of a painful back on twisting, bending, and walking and described plaintiff as being sensitive to lumbar pressure but capable of touching hands to knees. His diagnosis was acute causalgia of the lumbar muscles and termed plaintiff's condition static with no expectation of improvement. In a letter addressed "To Whom It May Concern", dated December 6, 1960, Dr. Amos stated:

"This is to certify that this man [plaintiff] has been under my medical care since 3/5/57, for the treatment of a painful back, which he states resulted from a car wreck September 16, 1956.

"In the time I have treated him he has been physically unable to do any work that required physical exertion.

"His lumbar region is exquisitely tender to all movements, backward, forward and lateral, also muscles are very tense and tender to firm pressure in this area.

"Personally, I think the above condition is growing worse, he now walks with two crutches."

Dr. John E. Cotthoff examined plaintiff on March 11, 1960, and diagnosed his condition as lumbosacral strain, possible disc, prostatism, and rectal fissure. He stated that plaintiff was unable to do gainful work and recommended bed rest and possible referral for surgery.

March 17, 1960, Dr. W. L. Harris reported that plaintiff had constant pain over the second lumbar spinous process, pain on pressure over the second lumbar spinous process, and limitation of extension of right leg. He described the condition as static and stated that plaintiff appeared to be unable to work.

April 21, 1960, Dr. C. P. Bartley reported:

"He [plaintiff] can bend forward about 55 degrees; can bend backward about 15 degrees; bend to the left 15 degrees; right 18 degrees. There is some hesitancy on bending and not too good cooperation on doing this. He can rotate his back about 50 degrees. He complains of tenderness in his left lumbosacral angle to palpation, but when his at-

tention is attracted otherwise he has no tenderness there."

Dr. Bartley stated that plaintiff's x-rays revealed no fracture or dislocation but mild lumbar scoliosis. Narrowing of the disc was noted, as well as spurring of the lumbar bodies. He diagnosed plaintiff's condition as "degenerative joint disease, mild to moderate, of the lumbar spine" and "possible genito-urinary tract disease."

In a report dated December 5, 1960, Dr. C. F. Engelhardt, a chiropracter, stated that he had examined plaintiff and found him unable to perform physical labor.

None of the five doctors attempted to report on plaintiff's condition prior to June 30, 1955, the date on which his specially insured status under 42 U.S.C. § 416(i) terminated. Although it is entirely possible that plaintiff's condition may have grown worse since June 30, 1955, the question before the hearing examiner related to his condition during his specially insured status and not to any developments since that time. Carpenter v. Flemming, D.C.W.Va., 1959, 178 F.Supp. 791; Bowden v. Ribicoff, D.C.W.Va., 1961, 199 F.Supp. 720.

Recent decisions of the Court of Appeals for the Sixth Circuit have held that the findings of the Secretary must show what job opportunities are available to one in the claimant's physical condition if his claim for disability benefits is denied. Hall v. Flemming, 1961, 6 Cir., 289 F.2d 290; King v. Flemming, 1961, 6 Cir., 289 F.2d 808; Roberson v. Ribicoff, 1962, 6 Cir., 299 F.2d 761; Holbrook v. Ribicoff, 1962, 6 Cir., 305 F.2d 933; Erickson v. Ribicoff, 1962, 6 Cir., 305 F.2d 638.

Relying on Stoliaroff v. Ribicoff, D.C. N.Y., 1961, 198 F.Supp. 587, in Jarvis v. Ribicoff, D.C.Ky., 1962, 202 F.Supp. 796, and Sykes v. Ribicoff, D.C.Ky., 1962, 204 F.Supp. 725, Judge Swinford seeks to limit this rule to those cases "in which the claimant had unsuccessfully attempted work of a lighter nature than that involved in his accustomed occupation."

The Court of Appeals has had no occasion to consider this refinement of the rule.

The broad rule announced by our Court of Appeals contemplates that the plaintiff at least must show that he is unable to engage in his usual occupation. There is substantial evidence in the instant case that the plaintiff was able to engage in his regular employment during the period of his specially insured status.

Although no written motion for summary judgment has been filed in this case by the defendant, a brief in support of such motion has been filed. Moreover, in his brief filed in support of his motion for summary judgment, plaintiff has treated the record as containing defendant's motion for summary judgment. Under such circumstances, this Court has authority to order the Clerk to enter a summary judgment for the defendant. Potomac Insurance Co. v. Bowles, D.C. Ind., 1962, 205 F.Supp. 879.

For the reasons set forth herein, IT IS ORDERED that

(1) Plaintiff's motion for a summary judgment is hereby overruled, and

(2) The Clerk of this Court shall enter a summary judgment for the defendant.