Steve E. MILLER, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 561.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

Oct. 12, 1962.

512

Bernard T. Moynahan, Jr., U. S. Atty., William A. Watson Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Jack R. Kibbey, Vanceburg, Ky., for defendant.

SWINFORD, District Judge.

This is an action under this court's jurisdiction by virtue of section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)) to review a determination of the Secretary of Health, Education and Welfare that the plaintiff is not eligible to draw disability benefits under section 223 of the Act (42 U.S.C.A. § 423). The only concern with this case is to see whether the findings of the Secretary are supported by substantial evidence.

Plaintiff was born in 1928 and has substantially an eighth grade education. He is married and has three small children. His job experience is confined entirely to hard manual labor, coal mining, moving bricks in a wheel barrow and shovel work at a gunpowder factory, to cite a few examples. One day in January 1960 plaintiff was at work in a coal mine when he and several of his coworkers were trapped and crushed in a slate fall. One of the men was killed and plaintiff was knocked unconscious and suffered injuries in his right leg and right arm. The upper arm bone was broken and it was eventually necessary to amputate the third, fourth and fifth fingers of the right hand. It appears that the right ankle was severely crushed.

The residual effects of these injuries are what make the present controversy. The right hand is practically useless, the thumb functions as before but the remaining finger, either due to the injury itself or to the removal of the other fingers cannot be fully extended or fully closed. Plaintiff testified that he cannot grip anything with this hand, the forearm has atrophied to the extent of three quarters of an inch and there is medical testimony that exercise therapy will not be effective because of the missing fingers. The joints in the hand from which the fingers were severed have become deformed and sensitive to touch. The elbow cannot be fully extended. The right leg has atrophied one inch both above and below the knee. There is stiffness and soreness on passive motion of the ankle, limitation of flexion, and tenderness on pressure at the ankle joint. The limitation in flexion causes what is known as a drop-toe or drag in walking. He cannot raise himself on his right toes making it awkward to walk on uneven surfaces.

The prospects for recovery are poor. As already noted, the arm cannot be exercised adequately because of the miss-

ing fingers and the atrophy is expected to progress upward into the shoulders. Surgery in the ankle has been suggested but with very little promise of achieving results in proportion to the cost.

Since the accident, plaintiff has done no work but he has looked for a job he could do in various garages in his locality, at a meat packing plant and on a farm operated by his wife's father. He has applied for vocational rehabilitation but was turned down because he did poorly on an aptitude test.

■ This court has many times deferred to the special competence of the Social Security Administration for deciding borderline disability cases. See e. g. Littleton v. Ribicoff, D.C.E.D.Ky., 210 F.Supp. 711. But the situation described here is not one which requires specialized knowledge to resolve for the impairments are all of a type that can be readily comprehended by the lay mind. Moreover common experience is as precise as any denominator in measuring the significance of these to what is required by the Act for compensable disability.

Plaintiff cannot now engage in activities that require free use of either his hands or his feet and the record is an adequate demonstration that work of this kind is all that he could ever have hoped to do. He has neither the education nor experience to do work more refined than common labor. The court is not required to be blind to the reality that one who hopes for something more than a life of ordinary muscle work must offer something in substitution for physical exertion. Plaintiff's failing result on the aptitude test is quite persuasive that he cannot summon such a substitute.

■ Every brief filed by counsel for defendant contains a remainder that medical evidence alone is not a sufficient basis for determining a disability case. Without intimating any conclusion as to the effect of the medical evidence here considered apart from the other circumstances, it should be noted that the statutory definition of disability does require that weight be assigned to the educational and vocational experience of the claimant along with his social background. Butler v. Flemming, 5th Cir. 1961, 288 F.2d 591; Randall v. Flemming, W.D.Mich.1961, 192 F.Supp. 111. In this case the Secretary has failed to give these factors due consideration.

■ The decision under review assumes that plaintiff cannot go back to hard physical labor but seems to rest on the idea that he could get work in a garage. This in turn is inferred from plaintiff's assent to a leading question concerning whether plaintiff had tinkered with his car at times. The opinion then seeks to attribute plaintiff's lack of a job to economic conditions rather than to his physical limitations. In times of severe labor shortage the blind and the maimed are put to work so to this extent it is difficult to postulate any condition of disability to work that is not attributable to economic conditions. A man with plaintiff's impairments and general background would seem to be unemployable in all but the most favorable circumstances and it will not be assumed that Congress had in mind extraordinary economic conditions in either direction in framing the definition of disability. The regulations of the Social Security Administration are consistent with this. 20 C.F.R. 404.1502(a), 42 U.S.C.A.Appendix gives as an example of disability the loss of use of two limbs. While plaintiff cannot be said to have suffered complete loss of use of the arm and leg, what he has lost in relation to the limitations imposed by his background would seem to be the equivalent of what is posed by the regulation:

"It should also be remembered that the Act is concerned not with the average man of ordinary and customary abilities, but with the particular person who may claim its benefits; and the effect of the impairments upon that person with whatever abilities he has." Ellerman v. Flemming, W.D.Mo.1960, 188 F.Supp. 521, 526.

**514**

Finally the decision of the Secretary seeks to derive support from the fact that plaintiff has been attempting to find a job, the implication being that plaintiff himself does not think that he is disabled. The answer to this is that plaintiff's efforts could as well be viewed as an alternative solution to his economic problems if his application for disability benefits is finally denied.

The conclusion of the court is that the decision of the Secretary was not supported by substantial evidence and must be reversed. An order in conformity with this memorandum will be entered this day.