**Henry JANEK, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.**

**Civ. A. No. 473–62.**

United States District Court
D. New Jersey.
Sept. 17, 1963.

Roger H. McGlynn, McGlynn, Stein & McGlynn, Newark, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., by Robert D. Carroll, and F. Michael Caruso, Asst. U. S. Attys., Newark, N. J., for defendant.

AUGELLI, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare, denying a period of disability and disability insurance benefits to plaintiff under sections 216(i) and 223(a) of the Act, 42 U.S.C.A. §§ 416(i) and 423 (a). Both sides have moved for summary judgment.

The Court's function in this type of case is limited to "ascertaining

whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact". Goldman v. Folsom, 246 F.2d 776, 778 (3 Cir., 1957). If these findings are supported by substantial evidence, they are made conclusive by section 205(g) of the Act, 42 U.S.C.A. § 405(g). The Court is not at liberty to substitute its own judgment for that of the Secretary if the latter's findings are supported by substantial evidence. Kraynak v. Flemming, 283 F.2d 302 (3 Cir., 1960).

The record in this case discloses that plaintiff was born in Germany on May 8, 1927, and that he came to this country in March, 1954. He is married and has two minor children. Plaintiff's education in Germany, which was interrupted by his war service, could be considered to be the equivalent of a high school education here. Included in such schooling was approximately 3½ years training for office and clerical work, although it does not appear that plaintiff performed any such work before coming to the United States.

Following the end of the war in Europe, plaintiff worked in the coal mines in Germany and was also employed in clearing up war damage debris. After his arrival here, plaintiff and his wife attended night classes to learn the English language. A reading of the transcript of the hearing in this proceeding, and of the papers filed by plaintiff in connection therewith, indicate that he is an alert individual, with a good understanding and command of English, and above average intelligence.

Plaintiff's first job in this country, of short duration, was for a bakery concern, where the work consisted of cleaning the various utensils used in that business. Following this, and from April 1954 to August 1955, plaintiff worked in a chemical factory washing empty drums and moving filled drums about from place to place. From August 1955 to January 1956, plaintiff was employed as a press operator for a manufacturer of fire extinguishers. Thereafter, and until May 18, 1959, plaintiff worked as a power press operator for the Federal Pacific Electric Company, on which job he sustained an accidental injury to his back, giving rise to the present claim.

It was on April 6, 1959, that plaintiff, while attempting in the course of his employment to move a heavy crate, hurt his back.[1] Plaintiff first saw the company doctor in connection with his injury on April 20, 1959, and was treated for his condition for some period of time prior to May 29, 1959, on which date he was admitted to St. James Hospital complaining of back pains. Treatment consisted of traction, diathermy to lower back and medication. A final diagnosis of "Myositis, lower back (parospinal)" was made, and plaintiff was discharged on June 18, 1959, his condition "Improved". Further hospitalization followed at the Hospital for Crippled Children and Adults. Plaintiff was admitted to this institution on June 20, 1959. The diagnosis here was "Herniated disc, L–5, S–1". On July 2, 1959, a laminectomy was performed and plaintiff was discharged from this hospital on July 17, 1959.

Following his hospitalization, plaintiff continued to complain of pain in his back and other parts of his body. Between November 1959 and August 1960, plaintiff applied to a large number of companies in an effort to secure employment. He claims he was unsuccessful in these attempts to get a job either because he was physically unfit or not qualified to do the work involved. For a period of some months plaintiff, pursuant to a rehabilitation program, took a course in draftmanship, but says he was forced to discontinue this training because working for hours in a standing position over a drafting board caused him pain.

The medical evidence may be said to be in agreement that because of plaintiff's impairment, he should not do heavy

1. For this injury the New Jersey Workmen's Compensation Bureau made an award to plaintiff based on a finding of 25% of partial total disability.

384

work, but that he can do light work. Plaintiff does not dispute the fact that his physical condition would not prevent him from handling a number of jobs that might be characterized as "light work", such as payroll clerk, watchman, timekeeper, inspector, and so forth, but he insists he is unable to secure such employment because he suffers from a language barrier.

The sole issue to be decided in this case is whether or not plaintiff meets the test of "disability" laid down in sections 216(i) (1) (A) and 223(c) (2) of the Social Security Act, 42 U.S.C.A. §§ 416 (i) (1) (A) and 423 (c) (2). The term "disability" is defined in the Act to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration".

■ The hearing examiner found that plaintiff did not meet the statutory test of disability because in his opinion the evidence was "insufficient to support a finding that claimant's impairments are sufficiently severe as to preclude him from engaging in some type of substantial gainful activity". Plaintiff argues there is no substantial evidence in the record to support this finding.

There appears to be no question that plaintiff has a "medically determinable physical * * * impairment which can be expected * * * to be of long-continued and indefinite duration". But what remains to be resolved is whether or not plaintiff is unable to engage in "any substantial gainful activity" by reason of his impairment.

This Court is satisfied that there is substantial evidence in the record to support the Secretary's finding that plaintiff's physical impairment is not of such severity as to preclude him from engaging in some type of substantial gainful employment. The orthopedic, neurologic and internist evaluations made of plaintiff's condition indicate a comparatively mild physical impairment. At the

hearing, the examiner observed that plaintiff moved about in a fairly energetic manner and exhibited no symptoms of dyspnea, discomfort, debility or malaise. There is evidence from which one might infer that plaintiff's difficulty in finding employment is possibly due to his desire to obtain a higher paying job than is available to him. And while the language barrier may pose some problem, it does not appear to this Court to be of such magnitude as would prevent plaintiff from qualifying for a job in the so-called "light work" field.

Where, as here, there appears to be agreement that plaintiff can no longer perform his usual work as a power press operator, the cases in this Circuit would seem to require the Secretary to make findings as to what specific jobs plaintiff can do and what opportunities for employment at such jobs are reasonably available to plaintiff. Hodgson v. Celebrezze, 312 F.2d 260 (3 Cir., 1963); Farley v. Celebrezze, 315 F.2d 704 (3 Cir., 1963). Factors to be considered in this connection include severity of the impairment, the claimant's physical and mental capacities apart from the impairment, claimant's age, education, training, and work experience. See 20 C.F.R. § 404.-1502. In addition, courts have lately sanctioned the use of industrial and governmental studies which show employment opportunities available to persons having certain physical impairments. Graham v. Ribicoff, 295 F.2d 391 (9 Cir., 1961); Rinaldi v. Ribicoff, 305 F.2d 548 (2 Cir., 1962). See also Farley v. Celebrezze, supra, 315 F.2d at p. 708.

■ In this case the Secretary did not specify particular jobs or look at studies to determine whether opportunities for such jobs were reasonably available to plaintiff. But it is agreed that plaintiff can do "light work". Considering the lack of severity of plaintiff's injury, his present age of 36 years, his intelligence and otherwise apparent good health, and the education and training he has had in Germany, this Court does not believe anything would be gained by remanding the case to the Secretary for the purpose

of determining specific employment opportunities. As another court has stated, "the whole spectrum of occupations of a lighter nature is open to plaintiff. A specific enumeration of jobs within this range would not serve a purpose". Littleton v. Ribicoff, 210 F.Supp. 711, 716 (E.D.Ky.1962). See also Stoliaroff v. Ribicoff, 198 F.Supp. 587 (N.D.N.Y. 1961).

Under all of the circumstances, and for the reasons stated, the motion of defendant for summary judgment will be granted, and the motion of plaintiff for summary judgment will be denied. Submit order.