**Alton R. REEVES, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 599.**

United States District Court
W. D. Arkansas,
Fayetteville Division.

June 16, 1967.

Charles W. Atkinson, Fayetteville, Ark., Ulys A. Lovell, Springdale, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Ft. Smith, Ark., for defendant.

## OPINION

JOHN E. MILLER, Senior District Judge.

This action was commenced by the plaintiff, Alton R. Reeves, on December 15, 1966, by the filing of his complaint in which he prayed that the court review and reverse the decision of the Secretary, which held that the plaintiff was not disabled and not entitled to disability benefits under the Social Security Act, 42 U.S. C.A. § 401 et seq.

The plaintiff's original application for benefits was denied and on July 22, 1965, he requested a hearing before a hearing examiner. The request was granted. The hearing resulted in a hearing examiner's

decision, dated September 15, 1965, denying benefits. On October 31, 1966, the hearing examiner's decision was affirmed by the Appeals Council. All administrative remedies have been exhausted and the case is now properly before the court.

The plaintiff's earnings record shows that the special earnings requirements of the Act were met from a time prior to June 1964, when the plaintiff allegedly became disabled, and that these requirements continued to be met thereafter through the date of this decision.

The pertinent non-medical facts relating to the plaintiff's claim are not in dispute. The plaintiff resides in the Western District of Arkansas in the general area of Witter, Arkansas, where he was born May 5, 1920. He received a high school education but did not engage in public work prior to 1942 when he entered the military service. He was discharged with a 10 percent disability in 1946. Since that time the plaintiff has engaged in a variety of occupations. He worked as a bookkeeper in Springdale, Arkansas, for two years. Later he clerked in a jewelry store for about three years. He also worked as a janitor for over a year. The plaintiff left the state in 1951 and went to work in Denver, Colorado, as a lathe operator in a machine shop. In 1953 he moved to Fullerton, California, where he worked for Douglas Aircraft as an "aircraft parts inspector." In 1955 the plaintiff moved to Alaska as a civilian employee for the United States Air Force. In February 1956 he moved to Coffeyville, Kansas, where he worked as a tooling inspector. In July 1958 the plaintiff moved to Springdale, Arkansas, where he worked as an air rifle inspector for Daisy Manufacturing Company. In 1960 he began work for Life of Georgia Insurance Company, selling insurance in the territory of Fayetteville, Arkansas. He left that job in January 1963 and went to work for the Tyson Hatchery, Springdale,

Arkansas, as a supervisor in the debeaking department. He remained there until June 1964. Subsequent to his leaving Tyson, and on July 15, 1964, the plaintiff filed his application for disability benefits. As previously stated, his application was denied.

On May 5, 1967, the plaintiff filed his motion for summary judgment. The defendant Secretary filed a cross motion on May 29, 1967, and both parties have submitted briefs in support of their respective contentions.

■ The facts which are to be considered by the Secretary in determining whether or not benefits should be granted and the facts which are to be considered by this court in determining whether to affirm or reverse the opinion of the Secretary have been established through a long line of decisions. These factors or guide lines were recently set out in Marion, Guardian, v. Gardner, Secretary (8 Cir. 1966), 359 F.2d 175, and are as follows:

"  *  *  *  that an applicant has the burden of establishing his claim; that the Social Security Act is remedial and and is to be construed liberally; that the Secretary's fact findings and the reasonable inferences to be drawn from them are conclusive if they are supported by substantial evidence, 42 U.S. C. Sec. 405(g); that substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; that the determination of the presence of substantial evidence is to be made on a case to case basis and on the record as a whole; that where the evidence is in conflict or subject to conflicting inferences it is for the Appeals Council, on behalf of the Secretary, to resolve those conflicts; that the statutory definition of disability [1] imposes the threefold requirement (a) that there be a

---

1. "  *  *  *  the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to re- sult in death or has lasted or can be expected to last for a continuous period of not less than 12 months  *  *  * " 42 U.S.C.A. § 416(i) (1965 Supp.).

medically determinable physical or mental impairment of the type specified by the statute, (b) that there be an inability to engage in any substantial gainful activity, and (c) that the inability be by reason of the impairment; that substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training and experience; and that the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on which is conceivable or theoretical."

■ The Secretary and the Appeals Council have both determined that plaintiff does not have a disability that prevents him from engaging in any substantial gainful activity and that the plaintiff, when realistically judged by his education, training, and experience, has a reasonable possibility of engaging in substantial and gainful activity. It is the sole duty of this court therefore to determine, upon reviewing the record as a whole, if these findings are supported by reasonably substantial evidence.

The transcript of this case discloses a considerable amount of medical evidence. The plaintiff has been examined by many physicians representing various fields of medical practice. As can be expected in cases such as this, the evidence thus presented is in conflict. Each of the examining physicians submitted objective findings, all of which indicate that the claimant suffers from respiratory malfunction which has caused the plaintiff dyspnea and choking during exertion and at times while at rest. The objective reports of the physicians indicate that this is caused by asthma, bronchitis, pulmonary fibrosis or emphysema, either singularly or in combination. It was not, however, for the Secretary to determine what ailment the plaintiff is suffering from, but whether that ailment resulted in a "disability" as defined by the Act.

■ The hearing examiner and the Appeals Council both reached the conclusion that the plaintiff was not so disabled and, under the scope of review as set forth above, the court must affirm because that conclusion is supported by substantial evidence. It is true that most of the medical reports submitted indicated that the plaintiff is totally disabled, but there are subjective findings by physicians to the contrary. Also, such findings are not conclusive but are merely to be considered by the Secretary along with the other evidence in the case. Jacobson v. Flemming (S.D.N.Y.1960), 186 F.Supp. 936.

From the reports of the physicians it could reasonably be concluded that plaintiff could not engage in strenuous manual labor. The hearing examiner and the Appeals Council recognized the fact that the plaintiff suffers from a medically determinable physical disability. But, the "three-fold" requirement imposed by the statute, Marion v. Gardner, supra, requires that this disability preclude the plaintiff from engaging in any substantial gainful activity within plaintiff's capability, realistically judged by his education, training and experience. The hearing examiner and the Appeals Council found that plaintiff could engage in light to moderate activity which would include substantial and gainful activity similar to much of the activity in which plaintiff has engaged in the past. In view of the record this court cannot say that the findings and conclusions of the hearing examiner and the Appeals Council were error.

It is true that there was considerable evidence, which, if the hearing examiner had so found, would have supported a finding of disability. In cases such as this, where the question of disability is quite close the court must be mindful of its very limited scope of review of the decision below. In discussing the scope of review in a similarly close case, the Court of Appeals for the Eighth Circuit spoke for itself and this court in Easttam v. Secretary of Health, Ed. and Welfare (1966), 364 F.2d 509 at page 513, where it is stated:

"Actually, the case for us, on the cold record might possibly be somewhat

close. Had the administrative authorities reached an opposite conclusion we might not be able to say that the record does not sufficiently support that determination. But the record is supportive either way and thus presents the classic situation for resolution by the trier of fact. This court is not that trier. The hearing examiner saw and heard the witnesses and was the proper authority to evaluate their testimony. The governing statute, 42 U.S. C. § 405(g), states, 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *.' We have said very recently, 'Credibility determinations rest with the Secretary *and the finality of his findings also extends to reasonable inferences which may be drawn from the evidence'*. Foss v. Gardner, 363 F.2d 25 (8 Cir. 1966); Cody v. Ribicoff, 289 F.2d 394, 395, 88 A.L.R. 2d 970 (8 Cir. 1961)." (Emphasis added)

The question has been raised as to the effect of a Veterans Administration determination of disability on the part of the plaintiff. He was discharged from the military with a 10 percent disability and his rating was subsequently increased to 30 percent. Also, there is some evidence to the effect that the plaintiff was to be (whether this occurred is not certain) rated 100 percent disabled in 1965.

The hearing examiner and the Appeals Council both correctly ruled that a disability determination by the Veterans Administration is in no way binding on the Secretary. The only effect of such determination is that the medical reports on which it is based should be considered, if placed in evidence, as evidence in the case. As stated in Carpenter v. Flemming (N.D.W.Va. 1959), 178 F.Supp. 791, at page 793:

"Each agency must make its own determination, and is not bound by the findings of another. This is so even where both agencies are those of the Federal government."

See, also, National Labor Rel. Board v. Pac. Intermountain Exp. Co. (8 Cir. 1955), 228 F.2d 170; and Gee v. Celebrezze (7 Cir. 1966), 355 F.2d 849.

An order is being entered granting the defendant's motion for summary judgment, overruling the plaintiff's motion, and dismissing the complaint.