**Lucille S. ROBINSON, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education & Welfare, Defendant.**

**No. LR 3471.**

United States District Court
E. D. Arkansas, W. D.
June 12, 1961.

Thomas C. Trimble, Jr., and Darrell R. Dover, of House, Holmes, Butler & Jewell, Little Rock, Ark., for plaintiff.

Osro Cobb, U. S. Atty., and Charles Mott, Jr., Asst. U. S. Atty., Little Rock, Ark., for defendant.

HENLEY, Chief Judge.

This action was brought pursuant to section 205(g) of the Social Security Act as amended, 42 U.S.C.A. § 405(g), to secure a judicial review of the final determination of the defendant Secretary, acting through the Social Security Administration, that plaintiff was not entitled to a "period of disability," as defined in section 216(i) of the Act, 42 U.S.C.A. § 416(i), for which she applied to the Bureau of Old Age and Survivors Insurance Benefits, Social Security Administration, on April 22, 1955. The cause is before the Court upon the pleadings and exhibits, including transcripts

of the proceedings before the agency, cross motions for summary judgment, and written briefs.

As is by now well settled, this Court in an action under section 205(g) does not try the case de novo. As this Court said in Lewis v. Flemming, D.C. Ark., 176 F.Supp. 872, 874:

> "In an action of this kind, judicial review should go no further than to determine whether the findings made by the administrative fact finder are supported by substantial evidence and whether applicable principles of law have been correctly applied to the facts. Arbitrary or capricious action must be set aside, and, of course, a finding or conclusion based upon an erroneous view of the law cannot be sustained. * * *"[1]

The history of the case may be summarized as follows:

Plaintiff, a resident of North Little Rock, Arkansas, was born in Pike County in 1905. After receiving an eleventh grade education in the schools of that county she removed to Washington, D. C., where she found employment as a telephone switchboard operator, which calling she followed continuously until her retirement by the telephone company about November 1, 1954. In October 1953 while riding on a public conveyance in Washington she sustained an injury to her right arm or shoulder. Following this injury she developed a severe chronic bursitis in the right arm and shoulder, and as time has gone by she has developed tendinitis in both shoulders and arthritis involving other joints of the body. Plaintiff contends that at the time of her retirement in 1954 she had become physically unable to engage in any substantial gainful activity, and that this disability has existed continuously since that time.[2]

---

1. The general principles applicable to judicial review in cases of this kind are fully set out in the recent case of Cody v. Ribicoff, 8 Cir., 289 F.2d 394.

2. 42 U.S.C.A. § 416(i) defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Following her retirement plaintiff and her husband, who had retired from government employment about the same time that plaintiff retired from her position with the telephone company, returned to Arkansas. On April 22, 1955, plaintiff filed her claim for a period of disability [3] with the Bureau of Old Age and Survivors Benefits. Plaintiff's claim having been denied by the Bureau, she sought and obtained a hearing before a Referee (now Hearing Officer) of the Office of Appeals Council (now the Appeals Council of the Office of Hearings and Appeals) of the Social Security Administration. The Referee found that plaintiff had failed to establish that she was entitled to the relief sought by her and denied her claim. On July 1, 1957, the Office of Appeals Council affirmed the Referee, which action constituted a "final determination" by the Secretary that plaintiff was not entitled to relief.

This suit was filed originally on November 19, 1957. On February 6, 1958, the defendant sought and obtained a remand of the cause for further administrative determination. In connection with the remand plaintiff submitted certain additional proof, and the Social Security Administration caused her to be examined in March 1958 by two Little Rock physicians, Dr. Jones and Dr. Hall.

On September 8, 1959, the Office of Appeals Council adhered to its original decision denying the claim, and in that connection filed a second opinion. Plaintiff thereupon amended her complaint so as to reflect the new development, and in due course the cause came on for consideration by the Court.

On December 28, 1959, this Court again remanded the cause to the agency and directed that it should clarify its views as to the period with respect to which plaintiff had the burden of showing the existence of a disability of statutory dimensions, and that it should set forth more definitely wherein it considered the 1958 reports of Drs. Jones and Hall to be relevant. In addition, the agency was directed to give more consideration to the gainful occupations that could be pursued by plaintiff, considering "not only the nature of the disability involved, but the individual capabilities and training of the particular claimant involved." Finally the agency was directed to consider any new evidence which might be developed by either side.[4]

On the second remand neither side offered any additional evidence. On January 5, 1961, the Appeals Council filed its third opinion in the case discussing and clarifying its views as to the controlling period of time, and also discussing the reports of Drs. Jones and Hall and the occupations which it was felt that plaintiff should be able to follow. The ultimate finding of the Appeals Council was that plaintiff "has failed to establish the existence of a medically determinable mental or physical impairment, or combination of impairments, of such severity as to prevent her from engaging in substantial gainful activity, commencing at some time between the date of alleged onset, October 1, 1953, and continuing without interruption to the date of filing her application on April 22, 1955." That finding is now at length before the Court for review on the merits.[5]

At the outset of discussion the Court will state and emphasize that the only period of time with which it is here concerned is that between October 1953 and April 22, 1955. The Court is not con-

---

3. 42 U.S.C.A. § 416(i) (2) defines a period of disability as a "continuous period of not less than six full calendar months * * * during which an individual was under a disability * * *. No such period shall begin as to any individual unless such individual, while under a disability, files an application for a disability determination with respect to such period."

4. The Court's directives to the agency, as well as the reasons therefor, are set forth in full in the Court's unpublished letter opinion of December 28, 1959.

5. For purposes of clarification it should be said that it is important to keep in mind the distinction between a "disability" and a "period of disability." A "disability" is a physical or mental condition defined

cerned with any disability commencing after the date last mentioned, except to the extent, if any, that a condition existing after April 22, 1955, may shed light on the question whether during the crucial period plaintiff was suffering from a disability of the requisite severity to entitle her to an allowance of her claim.

Although plaintiff introduced before the agency substantial evidence that she was laboring under a "disability" within the meaning of the law during the controlling period, the Court cannot say that her proofs were so strong as to compel the agency, legally or logically, to find that such a disability in fact existed during that period. Although plaintiff's evidence does disclose that prior to April 22, 1955, she was suffering from severe and chronic impairments of a progressive nature, the agency was warranted in concluding that during the relevant period said impairments had not progressed to a point where plaintiff was unable to engage in some substantial gainful activity consistent with her age, training, and experience.

In that connection it may be said that most of the medical materials submitted by plaintiff were based upon examinations made by her physicians in 1956 or even later, with the examining physicians stating no opinions as to her condition during the period from late 1953 through the early part of 1955.

It is true that plaintiff and her husband testified that the former had been unable to work since at least the date of her retirement in 1954, and plaintiff introduced some medical proof indicating the existence of the requisite disability since 1953. However, neither the Referee nor the Appeals Council was required to accept at face value the testimony of plaintiff and her husband, and the reports of Drs. Jones and Hall were to the effect that in 1958 plaintiff was not disabled within the meaning of the law. In view of the progressive nature of the complaints to which plaintiff is subject, a medical finding that disability did not exist in 1958 at least permits the inference that it did not exist some three years previously.

While this Court is not directly concerned with any period other than that ending on April 22, 1955, it is noted that the Appeals Council in its final opinion states that on September 21, 1959, plaintiff filed a new application under the liberalizing 1958 amendments to the Act under which she would be entitled to relief with respect to a disability existing prior to December 31, 1958. That application has not yet been administratively determined, and the Court's decision in this case is, of course, without prejudice to the later application and does not necessarily have any bearing upon it. That plaintiff was not disabled prior to April 22, 1955, does not mean necessarily that she did not become disabled within the statutory definition of the term in 1956, 1957, or 1958. And it may be observed that the fact that plaintiff's impairments tend to be progressive in nature constitutes a knife that cuts both ways when a fact finder considers evidence as to a physical condition existing in any given year. Granting that if it is shown that in a particular year plaintiff's impairments were at a given

by the statute. A "period of disability" is a continuous six months period of time during which such condition exists. Since application for a period of disability must be made while the applicant is suffering from a "disability," plaintiff was required to prove the existence of such a "disability" on or before April 22, 1955, the date her application was filed. However, as her claim was actually handled administratively, it was not necessary for her to show that her "disability," if any, had existed for six months or more prior to the date of the filing of the application. It would have been sufficient had she proved that she was under a disability on April 22, 1955, and that such disability had continued for six months prior to the termination of her "specially insured status" under the Act, which was September 30, 1955. However, in all events she was required to prove the existence of the requisite disability on or before April 22, 1955, and in the eyes of the agency she failed to discharge this burden.

stage, the trier of the facts may infer that such impairments were not as severe during earlier years, it is equally inferable that they will be worse in later years. Thus, plaintiff's evidence as to her condition in 1956 may have greater weight with respect to her alleged disability in that year and in later years than with respect to her condition in prior years. And, by the same token, the reports of Drs. Jones and Hall as to plaintiff's condition in March 1958 may have less weight with respect to plaintiff's condition in the later months of that year than they have with respect to her condition during an earlier period.

In its January 1961 opinion the Appeals Council refers to the progress that has been made in finding employment for handicapped persons and in rehabilitating vocationally victims of orthopedic ailments, and it cites a good deal of literature on the subject.

Notice may be taken of the fact that in recent years great progress has been made in vocational rehabilitation and in finding gainful work for persons who in earlier years would have been considered totally disabled. And more progress along those lines is to be expected in the future. It should be kept in mind, however, that handicapped persons vary in their responses to programs designed to rehabilitate them or to educate them in new lines of endeavor. In a case of this kind the Social Security Administration is not concerned ultimately with whether handicapped persons in general who have the same impairments as plaintiff can be gainfully employed or rehabilitated, but whether the individual plaintiff will be so benefited. See Dunn v. Folsom, D.C.Ark., 166 F.Supp. 44. This plaintiff is a woman of middle age whose occupational experience has been limited, and who unquestionably has been afflicted for almost ten years with a chronic and painful impairment or combination of impairments. Rather obviously, the rehabilitation outlook for her is not as optimistic as it would be were she a younger woman, or a person of wider experience and more varied interests, or

a person whose impairments were of recent origin rather than of prolonged duration. Further, plaintiff's problem may be complicated by psychiatric elements, the existence of which is suggested in the report of Dr. Hall.

Let judgment be entered affirming the administrative determination that the claim filed by plaintiff on April 22, 1955, should be denied, and dismissing the complaint as amended.