**Ora P. HALL, Plaintiff,**

v.

**Arthur S. FLEMMING (Abraham Ribicoff), Secretary, Health, Education & Welfare, Defendant.**

**No. 478.**

United States District Court
E. D. Kentucky,
Catlettsburg Division.

April 18, 1962.

Ora Duval, Olive Hill, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., William Watson, Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

This is an action under Sec. 205(g) of the Social Security Act as amended (42 U.S.C.A. § 405(g)). The record was made up and the case submitted on the defendant's motion for summary judgment. This court was of the opinion that the decision of the referee and the Appeals Council of the Department of Health, Education and Welfare, should be sustained. In the opinion of the court the findings of the Secretary on material facts were supported by substantial evidence and were therefore conclusive and binding on this court. Sec. 205(g) of the Social Security Act as amended (42 U.S. C.A. § 405(g)).

The Secretary had found, as expressed in a comprehensive opinion written by the examiner, that the plaintiff had not established within the prescribed period of time his inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. § 416(i).

On June 2, 1960, the court entered an order dismissing the complaint. A memorandum setting out the reasons for the conclusions of the court was filed with the order. On appeal the decision of this court was reversed, 6 Cir., 289 F.2d 290, and the case remanded with directions that it be remanded to the Secretary of Health, Education and Welfare in order that further evidence could be taken and findings made on two issues, which the court held were the controlling questions involved: (1) what can appellant do; and (2) what employment opportunities are there for a man who can do only what appellant can do?

This court complied with the mandate from the Court of Appeals and remanded the case to the Secretary of Health, Education and Welfare. Further proceedings were had by the Secretary in an effort to comply with the terms of the mandate. The case is now before the court to review the supplementary findings of the Department of Health, Education and Welfare and for a determination of the factual issues raised by the Court of Appeals in the two above enumerated questions.

So far as the procedure goes, this is a case of first impression. I am unable to find any authority to suggest the method by which the trial court can proceed to comply with the law of the case as set out in the opinion of the Court of Appeals. I am constrained to the view that the only matters for determination are, first, whether or not the Department has complied with the directives of the mandate and made further inquiry in an effort to answer the questions propounded and has answered those questions, and, second, whether the answers made can be found to be a finding of the Secretary as a fact supported by substantial evidence.

In determining these questions I am of the opinion that the court is again limited in its review of the findings of the Secretary by the provisions of the Act and if there is substantial evidence to support them, the complaint must be dismissed.

This court found that the Referee had substantial evidence on which to sustain a finding that the plaintiff was not unable to engage in a substantial gainful activity. This finding was not reversed. As the record now stands, the physical condition of the plaintiff, within the meaning of and for the purposes of the statute, was not determined by the appellate court and the success of the plaintiff's case rests solely upon the question of whether the Secretary can prove his finding.

It is apparent from the report that the Secretary has gone into a very detailed, laborious and exhaustive effort. His opinion, filed with the record on March 30, 1962, is composed of 22½ single spaced, typewritten pages.

On question No. 1, "what can appellant do?", the Secretary, through the Appeals Council, received certain additional documentary evidence, including reports of recent medical examinations of the claimant. This additional evidence was proper on this investigation. Robinson v. Ribicoff, D.C., 197 F.Supp. 28. It contained a letter from the plaintiff's former employer showing that he worked in the casting department as a caster and mold maker for twenty years and when the department was abolished he was retained by the company as a mold maker and carpenter on jobs that involved as light work as could be offered. The letter contained other information with reference to disability payments, etc. The Department also secured a statement of August 22, 1961, furnished by the Lee Clay Employees Benefit Association, setting forth amounts of money which the claimant had received from

April 5 to December 13, 1957, for a total of $570. There was additional medical evidence received, setting forth a clinical summary from the Good Samaritan Hospital with a diagnosis. In addition there was a third clinical summary with clinical notes from attending physicians. On October 4, 1961, there was a report from examining physicians. On August 23, 1961, the claimant was examined at Government expense by two impartial consultative physicians. They furnished reports containing medical evidence.

It must be borne in mind that the claimant must establish in this proceeding that his total, permanent disability commenced on or before June 18, 1957; that on that date he had an impairment or combination of impairments that could be expected to preclude him from engaging in any substantial gainful activity. An examination of the reports of these doctors on their clinical findings is substantial evidence before the Department on which the examiner had a right, in the light of all the other evidence and observation of the plaintiff himself, to determine what his condition was on June 18, 1957. The report of the examiner shows that he considered the medical factors consisting of the nature of the claimant's impairments, their severity, their expected duration, and the residual dysfunction resulting therefrom, and, in addition, non-medical factors consisting of the claimant's age, education, training and experience.

He concluded that there were many things which the plaintiff could do and listed that of pottery or porcelain caster, brick and tile paster, millman, or plaster-of-paris molder. The claimant has been designated as a highly skilled laborer. Although his doctors have advised him to curtail his physical exertions, no one has told him that he must quit work entirely. The most that can be said of the record is that it describes a person who must reduce his physical exertions. It does not clearly indicate a finding one way or the other on the ultimate question of disability. No one can read this entire record and the supple-

mentary report filed by reason of the mandate without concluding that reasonable inferences may be drawn to the end that this claimant is not totally and permanently disabled within the meaning and purposes of the Act. It is true that strong argument may be made for a contrary conclusion, but a choice between competing inferences is to be made by the Secretary and not by the court. Such is the whole basis of the recognized function of administrative law. Crooks v. Folsom, D.C., 156 F.Supp. 631.

Question No. 2 involves the Secretary in an investigation of what employment opportunites there were for a man who could do only what the appellant could do. The court, in remanding the case for answer, followed Kerner v. Flemming, 2 Cir., 283 F.2d 916. A reading of the opinion in the Kerner case indicates the record contained no substantial evidence that would enable the Secretary to make any reasonable determination of this question. I conceive that my review of the report of the Secretary is limited to a determination of whether he received substantial evidence on this question.

The Secretary construed this question as requiring the Department to consider and determine whether or not there exists in our economy any types of jobs which could be performed by an individual such as the plaintiff. He interpreted the remand as not to require him to determine whether or not specific job *vacancies* involving such duties have been or are now available; that the question of availability of employment is not a relevant factor in determining disability under the Act, which defines that word in terms of inability to engage in any substantial gainful activity. He cites and relies upon the Regulations (20 C.F.R. 404.1502(b)), 42 U.S.C.A.Appendix, which he sets out as follows:

"Where, for instance, an individual remains unemployed for a reason or reasons not due to his physical or mental impairment but because of the hiring practices of certain employers, technological changes in the

industry in which he has worked, or local or cyclical economic conditions, such individual may not be considered under a disability * * *."

I fully concur in the conclusions of the Secretary and so hold as the law in this case. I adopt as my views the following paragraph from page 20 of the report:

"This provision constitutes a recognition of the fact that when jobs are scarce, obtaining employment is frequently difficult even for persons without impairments. Geography, economic conditions, and employer preference are elements which enter into the employment problems of all persons, the able-bodied and the handicapped, and other programs, such as unemployment compensation, are designed to cope with the needs that arise from these causes. Unemployment resulting from such causes is not a problem intended to be cured by the disability provisions of the Social Security Act, which were not designed as an extended form of unemployment compensation. Indeed, a consideration of specific job vacancies in evaluating disability might well open a Pandora's box containing such problems as the need for determining what vacancies have existed in various communities, whether or not the particular claimant would have been hired but for his impairments, and other matters wholly outside the scope of a disability program. For the Social Security Administration to embark upon a consideration of such matters could involve an insuperable burden which might well endanger the entire administration of the Act. It is well settled, the Sixth Circuit has held, that a statute should not be construed 'in such a way as to make it administratively unworkable if any other construction is possible.' N. L. R. B. v. Wiltse, 188 F.2d 917, 920–921 (C.A.6)."

■ The Secretary has answered the question by stating that the claimant is able to follow certain occupations, not by describing job openings that he can fill. To require more than this would convert the disability provisions of the Social Security Act into a job insurance system for those who can show that because of physical impairment they are at a disadvantage in competing for employment. The Act, as it is presently written, requires nothing less than complete disability to do substantial physical activity. Furthermore, the Social Security Administration is not equipped to ascertain available job openings. The following languauge from Stoliaroff v. Ribicoff, N.D.New York, 198 F.Supp. 587, 591 (1961), is pertinent:

"As a fact of life, employment is a matter of fortune. Surplus labor areas and types of available employment differ in most sections of the country. In this progressive and scientific age, government agencies alone or in combination may have the know-how to survey such situations with reasonable certainty of prediction. But to particularize that a certain human being with individualistic impairment and limitation may or may not have employment opportunity in a certain area, in my inexperienced judgment, may require an elite group of soothsayers superbly trained to probe the many intangibles."

I am of the opinion that the Secretary of Health, Education and Welfare has fully complied with the directive contained in the remand from this court under the mandate from the Court of Appeals for the Sixth Circuit; that he has thoroughly gone into the questions presented and has reached conclusions after considering substantial evidence and reasonable inferences which may be drawn from it. By the terms of the Act, the court is bound by the determination of these questions of fact and the complaint must be dismissed.

An order in conformity with this opinion is this day entered.