

---

Argued by and on the brief Ora F. Duval, Olive Hill, Ky., for appellant.

Moss Noble, Lexington, Ky. (Bernard T. Moynahan, Jr., U. S. Atty., William A. Watson, Asst. U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before CECIL, O'SULLIVAN and PHILLIPS, Circuit Judges.

**Vencil PREWITT, Plaintiff-Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 15288.**

United States Court of Appeals Sixth Circuit.

April 6, 1964.

CECIL, Circuit Judge.

Appellant Vencil Prewitt seeks review of the order of the United States District Court for the Eastern District of Kentucky sustaining the final decision of the Secretary of Health, Education and Welfare holding that he was not entitled to disability benefits under the Social Security Act. (Title 42 U.S.C. § 401 et seq.)

The appellant, hereinafter called claimant, was severely injured in an automobile accident on February 20, 1960. His claim for benefits arises out of the injuries sustained in that accident. On

October 13, 1960, the claimant made application to the Bureau of Old Age and Survivors Insurance of the Social Security Administration for a period of disability and disability insurance benefits. This application was denied on January 26, 1961, and subsequently an application for reconsideration was denied.

The claimant then made application for a hearing before a hearing examiner of the Social Security Administration. A hearing was conducted pursuant to this application by examiner L. Steele Trotter. The examiner disallowed the claim in a decision of October 30, 1961, and the Appeals Council declined to review the decision. The claimant then brought the action in the District Court which is now before us on appeal.

The scope of review of the District Court is limited to a transcript of the record upon which the administrative agency made its findings and decision. The district judge may remand the case to the Secretary for rehearing. Findings of fact made by the Secretary through his administrative agency are conclusive if supported by substantial evidence. (Section 405(g), Title 42, U.S.C.)

The only issue before the Social Security Administration was whether the claimant had established the degree of disability [1] required for the allowance of insurance benefits. It is conceded that he met all other requirements. The issue before the district judge was whether the findings and decision of the Secretary denying disability benefits were supported by substantial evidence.

We look first to the medical reports since the allowance of disability benefits is conditioned on medically determined impairments. No oral medical evidence was taken in the hearing before the examiner. The claimant submitted reports of four physicians, Dr. William C. Roland,[2] the orthopedic surgeon who attended the claimant at the time of the accident, Dr. Alec Spencer,[3] the family physician, Dr. Harvey Chenault,[4] a neuro

1. Disability for the purpose of fixing a period of disability and for the allowance of disability insurance benefits means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * *." (Sections 416(i) and 423(c) (2), Title 42, U.S.C.)

2. The patient was in a cast for about five months. "X-rays today (10/31/60) showed the fracture healed in good position and alignment. He now has approximately 90 degrees flexion, with maximum active flexion measuring 95 degrees, maximum active extension 160 degrees; that is, there is a 20 degree flexion deformity. This gives a total range of motion of the left knee of 65 degrees."

3. "Severe pain in left thigh, leg and back." Ambulatory only part time. "1. Partial ankylosis of left knee—40%. 2. Atrophy of muscles of left thigh—1″ smaller than right. 3. Rheumatoid arthritis. 4. Probable ruptured disc L3014. Arthritis has involved the left knee at site of fracture. REMARKS: The defects listed are permanent. There can be no improvement from the standpoint of the fracture. This man cannot do but little walking or standing."

4. "SPINE: In the erect position the patient has some tilt of his spine associated with the fact that he is unable to completely extend the left knee and stands with a slight pelvic tilt toward the left. The patient has some limitation of back movement by pain indicated in the upper lumbar region particularly on flexion and left lateral flexion without any true nerve radiation. In the prone position the tenderness is diffuse and largely upper lumbar. There is no focal tenderness over the lower lumbar interspaces even with quite deep and heavy pressure. EXTREMITIES: The left lower extremity has residual knee deformity and limitation of motion and operative scars about it. He (has) some 15 or 20 degrees of full range of flexion and at least this much defect of extension. I do not believe that the patient has any real sciatic pain on either straight leg raising and does not have Laseque sign on either side. MOTOR: There is diffuse atrophy throughout the left lower extremity. No certain focal neurogenic atrophy. No motor weakness demonstrable in the toes or feet. SENSORY: Intact throughout to the lumbosacral dermatones. REFLEXES: Normal and equal including the knee jerks. The left knee jerk is even preserved."

surgeon, and Dr. James S. Rich,[5] who submitted an x-ray report. The examiner-characterized these medical reports as meager and the district judge said they were not extensive. We agree with these appraisals of the reports.

Dr. Roland described the injury as of the date of the accident as follows: "He had been injured in an automobile wreck and suffered a supracondylar fracture of the left femur. Open reduction was carried out 3/16/60, after attempted closed reduction was unsuccessful, and the patient was discharged 4/5/60." This is a meager description of bodily injuries to a man who was in a serious automobile accident in which his wife was badly injured and one man was killed.

The claimant has only a third grade education. He cannot read and can barely write his own name. In his early life he worked on a farm. For ten years before his injury he worked as a master carpenter. No one contends that the claimant can pursue his regular trade as a carpenter.

In view of the claimant's physical condition and his obvious inability to pursue his normal work, his case ought not be decided on inadequate medical testimony. The hearing examiner advised the claimant at the time he was ready to start the hearing that he (the claimant) was entitled to be represented by a lawyer. This man was then fifty miles away from home. With his limited education and his limited financial means it should not be expected that he would be able to procure legal representation at that time. We think the examiner was fair but he was in the position of being both judge and advocate.

Medical evidence ought to show the practical effect of Dr. Roland's report with reference to the degrees of flexion that the claimant has. It ought to show the degree of disability of the claimant and what limitations it imposes on his physical activities. There should be findings of fact consonant with the opinions of this court hereinafter cited. The claimant should be given an opportunity to develop his medical testimony with the assistance of legal counsel.

The examiner in his decision makes an inadequate findings of fact upon which to base a conclusion, so important to the claimant. The examiner says, *it would seem entirely possible* for him to engage in some light activity requiring his carpentry skill." (Emphasis added.) This is the crucial point in this case and it should not rest on supposition. "*'If there are other kinds of work which are available and for which the claimant is suited, it is the defendant's burden to adduce some evidence from which a finding can be made that he can do some type work; actually, not apparently. * * * Here, the Referee has made no such finding, whatsoever, based on evidence.'*" Rice v. Celebrezze, 315 F.2d 7, 17, C.A. 6; and Jones v. Celebrezze, 321 F.2d 192, 198, C.A. 6. The examiner concludes, "It is the opinion of this hearing examiner that this claimant's impairments have not reached a point of severity to preclude substantial gainful activity." This is a mere conclusion based on no adequate findings of fact.

In Kerner v. Flemming, 283 F.2d 916, 921, C.A. 2, the court said: "Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Two issues are involved: "What can applicant do, and what employment opportunities are there for a man who can do

---

5. "Examination of the lower dorsal spine, lumbar spine and sacrum by AP and lateral views and of the lumbosacral area by angled AP, spot lateral and two oblique views shows the following: There is moderate straightening of the lumbar curve and there is a very slight left lumbar scoliosis demonstrated. There is considerable asymmetry of the apophyseal joints at L4–L5 and at L5–S1. There are no isthmic defects. There are mild osteophytes involving the right lateral corners of the body of L4 and the anterior-superior corner of the body of L5. The lumbosacral joint space is not narrowed. The sacroiliac joints have a normal appearance. I see no evidence of old or recent fracture or dislocation. Bone quality is good."

only what applicant can do?" Id. See also Hall v. Flemming, 289 F.2d 290, C.A. 6, and Hall v. Celebrezze, 314 F.2d 686, C.A. 6 (second appeal); Erickson v. Ribicoff, 305 F.2d 638, C.A. 6; Jarvis v. Ribicoff, 312 F.2d 707, C.A. 6; Rice v. Celebrezze, 315 F.2d 7, C.A. 6; Jones v. Celebrezze, 321 F.2d 192, C.A. 6; Butler v. Flemming, 288 F.2d 591, C.A. 5.

The district judge, in support of his conclusion, cited Jarvis v. Ribicoff, D.C., 202 F.Supp. 796, and Hall v. Flemming, D.C., 205 F.Supp. 770. These cases were subsequently reversed by our court. See Jarvis v. Ribicoff, 312 F.2d 707, C.A. 6 and Hall v. Celebrezze, 314 F.2d 686, 687.

The judgment of the District Court is reversed with instructions to remand the case to the Secretary for an adequate development of medical testimony and findings of fact consistent with this opinion and prior opinions of this court above cited.