German **HAMILTON**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Defendant.

No. 810.

United States District Court
E. D. Kentucky,
Pikeville.

May 1, 1964.

Charles E. Lowe, Pikeville, Ky., for plaintiff.

George I. Cline, U. S. Atty., Arthur L. Brooks, Jr., Asst. U. S. Atty., for defendant.

HIRAM CHURCH FORD, District Judge.

The plaintiff, German Hamilton, a resident of Beaver, Pike County, Kentucky, about 25 or 30 miles from Pikeville, Ky., on April 3, 1961, filed his application with the Social Security Administration of the Department of Health, Education and Welfare for a period of disability and for disability insurance benefits under the Social Security Act. At that time he was covered by the insurance provisions of the Act and so continued until December 31, 1964.

His application was originally considered and denied and, in the usual course of such administrative procedure, it was finally reviewed by Hearing Examiner Harry J. Sands, whose decision, dated February 5, 1963, held that plaintiff is not entitled to have a period of disability established for him and is not entitled to disability insurance benefits pursuant to the Social Security Act for which he made application.

The decision of the Hearing Examiner, Harry J. Sands, above referred to, became the final determination of the questions involved in the case by the defendant and became subject to review under the provisions of § 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g).

By this civil action, the plaintiff seeks to have the final determination reviewed by the Court in accordance with the provisions of the Act.

It appears from the record that a hearing was held before the Hearing Examiner, Mr. Sands, in the old Post Office Building at Pikeville, Ky., on September 17, 1962. Plaintiff was represented at the hearing by his attorney, Mr. Charles E. Lowe. Plaintiff and his wife, Sarah, both testified at length in regard to plaintiff's claimed physical disabilities, and at this hearing documents marked Exhibits 1 through 25 were put into the record as part of the evidence; the remainder of the documents in the record marked Exhibits 26 through 29 were inserted by agreement of the parties at a reopened hearing on December 17, 1962.

The plaintiff and his wife testified in detail as to plaintiff's heart attack which

occurred on December 1, 1960, after which he discontinued his work, and as to his inability to ever resume the work thereafter or to perform any of the kind of work in which he had previously engaged.

Dr. J. A. Stumbo, who examined and treated plaintiff at about the time of his disabling attack and several times thereafter, found him suffering with "nervousness, shortness of breath, swelling of the abdomen and ankles", and diagnosed his condition as cardiac decompensation, chronic prostatitis and blindness in right eye and anxiety complex. In his report dated April 2, 1961, Dr. Stumbo expressed the opinion that plaintiff was "Totally and permanently disabled due to heart disease, no improvement under medication. Prognosis short life." In his report dated September 20, 1961, Dr. Stumbo's diagnosis was "Myocardosis with cardiac decompensation, chronic prostatitis, rt. eye blind, anxiety complex"; and further stated "This one eyed man with heart [1] is totally and permanently disabled for any gainful occupation. He will need constant medical attention until the end."

A further statement by Dr. J. A. Stumbo, dated August 31, 1962, addressed "To Whom it may Concern", referring to the plaintiff German Hamilton, said: " * * * He is still under medication, totally and permanently disabled for any gainful occupation."

In a report of September 1, 1961, Dr. Russell H. Davis expressed the opinion that plaintiff's "urinary symptoms are secondary to his cardiac decompensation", and according to letter of Dr. Francis H. Hodges of September 16, 1961, (Ex. No. 18) Dr. Davis' diagnosis of plaintiff's condition was "pyuria, and chronic prostatitis".

In a letter from Dr. Barbara Bates of April 12, 1962, she stated that the plaintiff was seen in the Floyd County Cardiac Clinic on April 6, 1962, for cardiac evaluation, as a result of which she states her conclusions as follows:

"It is my impression that this patient has arteriosclerotic heart disease with congestive heart failure. Although his current chest pain is not typical of angina pectoris, I believe that he should be considered totally disabled from the viewpoint of his ability to work."

In the report of Dr. Donald I. George of Psychiatric Associates, of Lexington, Ky., concerning the psychiatric examination of plaintiff on October 25, 1961, it is said:

"This man shows a definite secondary gain pattern with exaggeration and elaboration of his symptoms. I feel that his hearing difficulty should be better evaluated because it certainly would be a major disability along with the loss of vision in the right eye. In a man this age with this personality pattern it is very difficult to see any prospect for any rehabilitation."

The letter of Dr. Charles F. Wilson, of December 1, 1961, merely reports the extent of plaintiff's disability due to loss of sight in the right eye and his poor hearing condition, without any expression of opinion as to his ability to work with these handicaps.

A letter from Dr. J. H. Allen, dated February 16, 1963, states:

"This is to certify that I examined German Hamilton of Teaberry, Kentucky, and in my opinion he is totally and permanently disabled because of hypertensive vascular disease with congestive heart failure.

"See report of Lowell D. Martin enclosed."

It appears that the above report of Dr. Allen with the accompanying medical report of Dr. Lowell D. Martin, was by agreement of the parties put in the record as an exhibit. Since the above opinion of Dr. Allen appears to have been reached as the result of an exam-

1. Word not legible.

ination by him and Dr. Martin long after the plaintiff was examined by the other physicians who testified in the case, Dr. Allen's conclusion seems to be of more than ordinary significance in respect to the progressive disability of the plaintiff to perform a substantial or gainful occupation.

The denial of plaintiff's application for relief under the Social Security Act rested upon the following findings of fact made by the Hearing Examiner:

" * * * The Hearing Examiner finds that this claimant, despite his lack of education, is intelligent and has indulged in a great many industrial endeavors in the past which do not require physical exertion or labor of any kind. He worked on a farm for four or five years; then did various odd jobs, working three years and six months for a railroad; seven to eight years in a mill; a gas company; spent ten to eleven years carrying mail; operated a grocery store with his wife for a great many years, and finally worked for the Division of Forestry which was his last job before he quit on December 1, 1960. Based upon this industrial background, it is the finding of the Hearing Examiner that there are a great many jobs of light and sedentary nature which this claimant can more than adequately perform.

" * * * that the claimant has failed to establish by a fair preponderance of the credible evidence that his physical or mental impairment or combination of physical and mental impairments were of such severity as to have prevented him from engaging in any kind of substantial gainful activity at the time alleged or at any time prior to the filing of the application within the meaning of Section 216(i) and Section 223 of the Social Security Act, as amended.

"The Hearing Examiner also finds that the claimant was not under a disability at any time within the three-month period following the filing of the application for a period of disability and the first day of the third month following the filing of the application for disability insurance benefits."

Upon carefully reviewing the evidence, I am forced to the conclusion that the above findings made by the Examiner are not supported by substantial evidence and consequently the denial of the defendant's claim should be reversed, and this action should be remanded to the defendant, Secretary of Health, Education and Welfare, for hearing of further medical testimony and making of findings of fact consistent with the rule established by the numerous opinions of the Court of Appeals of this circuit, set out in the recent case of Prewitt v. Celebrezze, Secretary, etc., 6 Cir., 330 F.2d 93 (1964).

Let an order be entered accordingly.