**Sam CRISWELL, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. C–66–202.**

United States District Court
W. D. Tennessee, W. D.

Dec. 28, 1966.

Edward C. Duke, Jackson, Tenn., for plaintiff.

Wm. A. McTighe, Jr., Asst. U. S. Atty. Memphis, Tenn., for defendant.

## OPINION

ROBERT M. McRAE, Jr., District Judge.

This case is a review of the final decision of the Secretary of Health, Education and Welfare of the United States of America, disallowing plaintiff's claim for benefits as a disabled person within the meaning of the Social Security Act, as amended.

The plaintiff suffered a heart attack in 1962. In 1963, he filed an application for disability benefits, which application was finally denied on March 6, 1964. Claimant requested a hearing on March 13, 1964, which resulted in a decision establishing a permanent disability as of May 8, 1963.

The plaintiff, in 1964, began working for a construction company in a supervisory capacity. This employment was terminated January 29, 1965.

The Division of Disability Operations, a division of the Department of the defendant, reviewed the plaintiff's case and terminated benefits as of June 1965. Plaintiff filed a request for a hearing which was subsequently held on March 16, 1966. The transcript of that hearing is reviewed in this cause.

The complaint of the plaintiff on which his former disability was based is a coronary insufficiency. The Hearing Examiner in the 1966 hearing heard testimony from the plaintiff and considered various documents and reports, including reports and opinions from nine doctors. The opinions of the doctors vary and include diametrically opposed diagnoses concerning the plaintiff's ailment. The

medical evidence overwhelmingly supports the finding that there were no objective indications of a coronary insufficiency. However, there were substantial differences of opinion based upon subjective symptoms and complaints.

The Hearing Examiner found as follows:

"It would appear then from all of the medical evidence of record that the claimant's condition, as demonstrated objectively by comprehensive and thorough laboratory tests, has improved to the point that his disability has ceased. The hearing examiner accordingly finds that the claimant's disability ceased in April of 1965." (Tr. 14) [1]

The Social Security Act in granting the District Court the power to review findings of the defendant, acting through his designated subordinate, provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C.A. § 405(g). The Act further provides "[e]vidence may be received at any hearing before the Secretary even though inadmissible under rules of evidence applicable to court procedure." 42 U.S.C.A. § 405(b).

The significant portion of the Act defining "disability" provides, " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 416(i).

The provisions pertaining to the jurisdiction of the District Court on review eliminate a reversal or remand on merely a different finding of fact by the District Court from that of the Hearing Examiner. After reviewing the transcript, this Court is of the opinion that there is substantial evidence to support the findings of the Hearing Examiner concerning the "medically determinable physical or mental impairment."

Counsel for the plaintiff has raised the issue concerning the findings of the Hearing Examiner pertaining to the "inability to engage in substantially gainful activity" on the part of the plaintiff. This argument addresses itself to the burden of proof upon the defendant to show that the claimant was able to perform some kind of substantially gainful activity. Many cases have reversed the findings of the Hearing Examiner because the burden was not carried by the Secretary. Prewitt v. Celebrezze, 330 F.2d 93 (CA 6, 1964); Rice v. Celebrezze, 315 F.2d 7 (CA 6, 1963); Erickson v. Ribicoff, 305 F.2d 638 (CA 6, 1962); Flemming v. Booker, 283 F.2d 321 (CA 5, 1960). In those cases the finding of disability was either undisputed, or properly established, or the Hearing Examiner's finding of non-disability was not supported by substantial evidence.

In the instant case this Court is of the opinion that there is substantial evidence to support the finding of no disability. Therefore, the findings of the Hearing Examiner concerning the ability of the plaintiff Criswell to engage in substantial activity are not a basis for reversal of this case.

In the recent case of Justice v. Gardner, 360 F.2d 998 (CA 6, 1966), at page 1002, the Court said:

"Plaintiff insists that the foregoing was a finding that he is disabled from mining and that under the rule of our decisions, the burden was on the Secretary to prove that there was other employment available to Justice in the area of his home. Our relevant decisions have been made in the factual contexts of each case and we did not announce a mechanical rule which would relieve each applicant from his initial burden of proving disability. It is not the burden of the Secretary to make an initial showing of non-disability."

The plaintiff relies upon Ratliff v. Celebrezze, 338 F.2d 978 (CA 6, 1964).

---

1. The disability of the plaintiff was found to have terminated in April 1965. However, pursuant to Section 223 of the Act (42 U.S.C.A. § 423) the benefits continue through the month preceding the third month in which disability ceases.

That case concerned the disability of a coal miner who had suffered a back injury. He appealed from an adverse ruling of the Hearing Examiner. It was undisputed that the claimant had offered evidence of his inability to do the kind of work in the mines he had previously performed. The burden of proof was upon the Secretary to adduce evidence from which a finding could be made that the claimant could actually do other work of a substantially gainful nature. The Court found that the claimant proved his disability to carry on work of a substantially gainful nature and that the Secretary had not carried the burden of proof of showing that the claimant was able to perform some other kind of substantially gainful activity. That case differs from the case before the Court because the finding of the Hearing Examiner in the instant case that the disability no longer existed is supported by substantial evidence.

It is, therefore, the opinion of this Court that the findings of the Secretary should be affirmed and that the defendant is entitled to a summary judgment.