Roy S. DIXON, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America, Defendant.

Civ. A. No. 1823.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Dec. 10, 1964.

David O. Partain, Van Buren, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

In this action, commenced August 28, 1964, the petitioner seeks review of a decision of the defendant Secretary denying disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq. In his answer filed October 29, 1964, the defendant Secretary alleged that the findings of fact and conclusions of law as determined by him are supported by substantial evidence, and therefore the court, upon the record, should dismiss the complaint and enter judgment for the defendant Secretary in accordance with 42 U.S.C. § 405(g).

On November 13, 1964, the petitioner filed his motion for summary judgment and submitted brief in support of his contention that the decision of the defendant Secretary is contrary to the law and the evidence. On November 16, 1964, the court advised the defendant that a motion on behalf of the petitioner had been filed and brief submitted and asked that the defendant, if he so desired, file his own motion and submit brief in support thereof. The defendant Secretary has not filed a motion nor submitted brief in opposition to the plaintiff's motion, but the court has examined the record and the case is now before the court on the petitioner's motion for summary judgment, his brief in support thereof, together with the administrative transcript and pleadings. The absence of motion on behalf of defendant and brief in support thereof has not militated against the defendant.

In McMullen v. Celebrezze, (9 Cir. 1964) 335 F.2d 811, the appellate court, in discussing the filing of motions for summary judgment in Social Security cases, stated at page 814:

> "The action accordingly is a 're-view' of the decision of the Secretary. A motion for summary judgment is unnecessary, and it is questionable whether such a motion is contemplated by the statute. This procedure, however, is commonly followed by the Secretary in cases of this nature."

■ It is evident, of course, that a court must make the same scope of examination of the administrative record in disability cases to determine if the defendant Secretary's decision is supported by substantial evidence whether the issue is presented upon motion by either party, cross motions, or upon the pleadings and record. Under the Social Security Act, 42 U.S.C. § 405(g), the court must examine the entire administrative record and it is not a trial de novo. Although the principles of review are well settled and the court's consideration of the matter is facilitated by briefs submitted on behalf of the parties, the disposition of these cases requires the court's prompt attention as the claimant, if entitled to relief, should be given it as soon as reasonably possible. Likewise, the defendant Secretary is entitled to a prompt affirmance when the record contains substantial evidence to support his decision, and the case should not be allowed to pend indefinitely awaiting brief or motion on behalf of either party.

The pertinent facts as established by the administrative transcript are not in dispute. The petitioner was born August 20, 1915, at Alma, Arkansas, and presently resides with his sister at Van Buren, Arkansas. He has a seventh grade education and served in the armed forces 1942 through 1945. After his separation from the armed services he was employed by the Missouri Pacific Railroad as a section hand and laborer and worked there until September 24, 1951. Since 1951 he has been employed in odd jobs such as washing dishes and working in a used-car lot.

The medical records contained in the administrative transcript reflect that the petitioner was granted a disability pension by the Veterans Administration and that he has been hospitalized in various VA hospitals for the treatment of arthritis, bronchitis, and alcoholism. He is currently receiving compensation from the Veterans Administration in the amount of $250.00 per month.

The clinical records of the VA hospital at Muskogee, Oklahoma, disclose that he was hospitalized August 11, 1952, through September 17, 1952. The examining physician's diagnosis of the petitioner's various complaints were found to be: (TR 70)

"1. Undiagnosed disease manifested by pain in the back persisting since laminectomy on November 21, 1951, for suspected but unfound herniated nucleus pulposus. Treated, improved.

"2. Undiagnosed disease of lungs manifested by pain in chest, cough, fever and moist rales. Treated, improved."

On July 29, 1953, the petitioner was hospitalized at the VA hospital in Muskogee again and released August 6, 1953. At that time plaintiff complained of low back pains, coughing and fever. The examining physician stated that a X-ray of his chest revealed normal cardiovascular shadows and lungs were clear. There were no significant abnormalities demonstrated by X-rays of any other part of his body, and his urinalysis, hemoglobin and white blood count were normal. In the space provided for a diagnosis the notation is made: "No disease."

The petitioner was again hospitalized in the VA hospital at Fayetteville, Arkansas, May 22, 1954, and discharged May 28, 1954. This record at page 72 of the transcript reflects that his blood count was normal, urine normal, and X-ray of the chest was negative. In the space provided for diagnosis the notation is made that he was suffering from chronic bronchitis that was treated and improved. He was again hospitalized in the VA hospital at Fayetteville, Arkansas, for two weeks in 1958 at which time he was suffering from pneumonia which the records reflect was treated, although there is again the notation that he suffered from bronchitis. He was again treated in the VA hospital at Fayetteville August 20, 1962, and November 12, 1962, for a period of two weeks with almost the same objective and subjective notations made on the clinical report but the diagnostic notations added that in addi-

tion to the bronchitis that he was suffering from alcoholism. (TR 77). Dr. W. J. Fink, the examining and treating physician, stated that upon admission he was suffering from delirium tremens which cleared within a few days and he had no further complaints when he was discharged November 27, 1962. The notation is also made on that record that he had a mild case of anemia which was probably due to poor nutrition as a result of alcoholism.

The last record of the VA contained in the record is of an admission to that hospital October 14, 1964, at which time he was treated for bronchitis and acute gastritis due to the effects of alcohol. There is a recommendation made at the conclusion of the examining physician's clinical report at page 78 of the administrative transcript which states that, in the opinion of the treating physician, the petitioner was employable at the time of discharge.

A consultive examination at the request of the defendant was performed by Dr. Harley C. Darnall, a thoracic surgeon of Fort Smith, Arkansas, on January 2, 1964. Dr. Darnall's report to the Social Security Administration of January 6, 1964, stated that the petitioner complained of constant cough and wheezes, that he was unable to carry on his daily activities because of blackout spells, and vertigo. The patient stated to the consulting physician that he had been admitted to VA hospitals between 30 and 40 times in past years because of these complaints. The objective examination of Dr. Darnall reflects that petitioner was a well developed, well nourished male, who had no appearance of illness, that his temperature was normal, the examination of his heart showing nothing irregular. It is also stated that no rales, wheezes, or abnormal findings were revealed upon an examination of his lungs. The X-ray and examination of his heart revealed that it showed no abnormalities and there was no evidence of any arthritis. Dr. Darnall concluded his report as follows:

> "I was unable to make any diagnosis of pulmonary emphysema or any pulmonary pathology from the physical findings. I find that he did not do his utmost on the VC or MBC tests. The patient had no evidence of any pulmonary emphysema by X-ray. There was no evidence of any arthritic changes in his spine by the lateral view of his chest. I found no evidence of arthritis from the superficial physical examination. It was my feeling that this man had no disabling pulmonary pathology at this time. I feel that this man would be able to work from the standpoint of his pulmonary system."

The issue in this type of review, as heretofore stated, is limited to an examination of the administrative record to determine whether the decision of the defendant Secretary is supported by substantial evidence. Plaintiff, of course, has the burden of proving disability which entitles him to benefits under the Act. Celebrezze v. Bolas, (8 Cir. 1963) 316 F.2d 498; Huff v. Celebrezze, (W.D. Ark. 1964) 227 F.Supp. 704.

[redacted] The Act requires an impairment or combination of impairments of such severity and of indefinite or permanent duration which precludes the claimant from engaging in any substantial gainful activity. Huff v. Celebrezze, supra; 42 U.S.C. §§ 416(i) (1), 423(c) (2); 20 C.F.R., Sec. 404.1502(f). The mere presence of an impairment or a combination of impairments is not of itself sufficient to entitle a claimant to disability benefits. It must be shown that he is precluded because of them from engaging in any substantial gainful activity, Gotshaw v. Ribicoff, (4 Cir. 1962) 307 F.2d 840.

In the instant case, the plaintiff-claimant has established that he suffers from beginning mild arthritis, bronchitis, and alcoholism. An examination of the clinical records of the institutions which have treated him regularly over the past several years discloses that his major difficulty stems from his alcoholism. Apart from its temporary effects upon him, his clinical records establish that he is otherwise in average or better physical condition. An essential element

of disabling impairments within the requirements of the Social Security Act is that the impairment be of such a nature that it is permanent or of indefinite duration without the capability of responding to known medical practices and treatment. See 20 C.F.R. 404.1502. An examination of the clinical records in the instant transcript reflects that the plaintiff's major impairment, alcoholism, has responded to treatment when he has seen fit to abstain from excessive drinking. It is also noted that without exception in each of the clinical summaries contained in the transcript that his lung congestion responded to treatments he received, and his lungs were clear at the time of his discharge. Thus, it is apparent that whatever lung congestion or breathing difficulty the plaintiff suffers from, it will respond to and can be controlled by medication.

The consulting physician as well as the treating physicians in the VA hospitals were unanimous in their opinions that apart from his alcohol difficulty that the petitioner was a well nourished, healthy individual. Although, as referred to above, at least one physician stated that in his opinion the plaintiff was capable of employment even though he suffered from various impairments, the court is well aware that the defendant Secretary is not bound by the opinion of the medical experts as to the effect of the claimant's impairments on his ability to engage in substantial gainful activity. However, the opinion of a medical expert that a claimant has the ability to engage in substantial gainful activity is at least some evidence of the ability. See King v. Celebrezze, (W.D.Ark.1964) 223 F.Supp. 457.

In Celebrezze v. Sutton (8 Cir. 1964) 338 F.2d 417, decided November 20, 1964, the District Court reversed a decision of the defendant Secretary denying disability benefits. The defendant Secretary's decision was reinstated upon appeal as having been supported by substantial evidence. The Court of Appeals stated that the record disclosed a dispute among the examining physicians as to the severity of the claimant's disability. Of the seven examining physicians, one was of the opinion that there was no permanent disability; one stated claimant's disability as 5 percent to his body as a whole; one stated claimant was only precluded from occupational activity involving physical exertion; one stated a permanent disability to claimant's body as a whole of 10 percent and could not do "arduous work"; and one stated he was 50 percent disabled but could do work which did not involve physical exertion. Thus, a substantial dispute existed as to the question of fact—severity—and the defendant Secretary had the right and duty by statute to resolve that factual dispute.

In the instant case the severity of plaintiff's condition is the same important factual consideration. The record reflects expert medical opinion which states that claimant is well nourished, healthy individual who is capable of substantial gainful employment when not suffering from the effects of prolonged alcoholic consumption. The alleged impairments in the instant case do not meet the statutory requirements of permanence nor of disabling severity.

The instant record convinces the court that the conclusion of the defendant Secretary that the petitioner is capable of engaging in substantial gainful activity is not only a permissible one under the facts but is the proper one. The court is of the opinion that the decision of the defendant Secretary denying disability benefits because of the failure of the plaintiff to meet his burden of proof and failure to establish an impairment of such severity as to preclude him from engaging in any substantial gainful activity is supported by substantial evidence.

Therefore, the plaintiff's motion for summary judgment should be denied, and an order is being entered today denying the motion and dismissing the plaintiff's complaint.