Jewel JONES, Plaintiff,

v.

John W. GARDNER, Secretary, Department of Health, Education, and Welfare, Defendant.

Civ. A. No. 1980.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Aug. 19, 1966.

Daily & Woods, Fort Smith, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## OPINION

JOHN E. MILLER, Chief Judge.

In this action plaintiff, Mrs. Jewel Jones, seeks review of a decision of the defendant Secretary denying disability benefits under the Social Security Act, 42 U.S.C.A. Sec. 401 et seq., as amended. Plaintiff's application for a period of disability and disability insurance benefits was filed on October 10, 1963. Her application was denied by the Division

of Disability Operations, Social Security Administration, Department of Health, Education and Welfare. Pursuant to plaintiff's request, a hearing was held which resulted in a Hearing Examiner's decision denying the application. Plaintiff sought review by the Appeals Council, which affirmed the Examiner's decision. All administrative remedies have been exhausted.

The pertinent facts, which are not in dispute, are as follows. Mrs. Jones resides in a small village near Ozark, Arkansas, where she was born in 1907. She first began work at the age of ten pulling tobacco stems. She was engaged in this type of work until her graduation from high school. After high school she received secretarial training for one year at a business college. Since that time plaintiff has been employed in various capacities including work in the plant and office of a cigar factory, bookbinding for a publishing house, operating an ironer in a laundry, and wrapping bread in a bakery. She was last employed as a nurse's aide in a rest home. She quit this job because of nervousness and leg pain, and subsequently filed for disability benefits. As previously stated, her application for benefits was denied.

On June 27, 1966, plaintiff filed her motion for summary judgment and submitted brief in support of her contention that the determination of the defendant Secretary denying benefits should be reversed. The defendant Secretary has not filed a motion nor submitted brief, but the court has examined the record and the case is now before the court on plaintiff's motion for summary judgment. It is not necessary for a determination of the issues that the defendant file a motion for summary judgment or a brief. Dixon v. Celebrezze, (W.D.Ark.1964) 236 F.Supp. 328; McMullen v. Celebrezze, (9 Cir. 1964) 335 F.2d 811.

The factors which are to be considered by the Secretary in determining whether or not benefits should be granted and the factors which are to be considered by this court in determining whether to affirm or reverse the opinion of the Secretary have been established through a long line of decisions. These factors or guide lines were recently set out in Marion, Guardian, v. Gardner, Secretary, (8 Cir. May 2, 1966) 359 F.2d 175. They are as follows:

"* * * that an applicant has the burden of establishing his claim; that the Social Security Act is remedial and is to be construed liberally; that the Secretary's fact findings and the reasonable inferences to be drawn from them are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g); that substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; that the determination of the presence of substantial evidence is to be made on a case to case basis and on the record as a whole; that where the evidence is in conflict or subject to conflicting inferences it is for the Appeals Council, on behalf of the Secretary, to resolve those conflicts; that the statutory definition of disability [1] imposes the threefold requirement (a) that there be a medically determinable physical or mental impairment of the type specified by the statute, (b) that there be an inability to engage in any substantial gainful activity, and (c) that the inability be by reason of the impairment; that substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training and experience; and that the emphasis is on the particular claimant's capabilities and on what is reasonably

1. "* * * the term 'disability' means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months * * *." 42 U.S.C.A. § 416(i) (1965 Supp.)

possible, not on what is conceivable or theoretical."

The Secretary and the Appeals Board have both determined that plaintiff does not have a disability that prevents her from engaging in any substantial gainful activity and that the plaintiff, when realistically judged by her education, training, and experience, has a reasonable possibility of engaging in substantial and gainful activity. It is the sole duty of this court therefore to determine, upon reviewing the record as a whole, if these findings are supported by reasonably substantial evidence.

It is clear from the record that there is some evidence which would support both the position of the plaintiff and the position of the defendant Secretary. Dr. Virgil R. Jobe (TR 134, 147) examined the plaintiff on two occasions. His objective findings were that the claimant suffered from arthritis in her hands and feet, heart murmur, low blood pressure, kidney trouble, and swelling of the feet. His conclusions from these findings were that the plaintiff is totally and permanently unable to work.

Dr. John Floyd (TR 131) examined the plaintiff and found that she suffered from arthritis, a nervous condition, hard and shallow breathing, cerebral arteriosclerosis, and subconscious spells. He also was of the opinion that plaintiff was not able to work and never would be.

Dr. J. Lawrence Jones (TR 132) found that plaintiff suffered from arteriosclerotic heart disease with angina, that a Master's Two-Step (nineteen trips) was given and that following the exercise she developed marked dyspnea (shortness of breath) and slight substernal chest pain. He gave no subjective opinion as to plaintiff's ability to work.

Dr. Charles F. Wilkins, Jr. (TR 136) examined plaintiff on August 17, 1964, and found her condition to be as follows: blood pressure 120/80; heart not enlarged and sounds good, no murmur, peripheral pulsations of a good quality. It was his opinion that plaintiff's physical condition created no interference with physical activity except during periods of upper G.I. hemorrhage.

Dr. E. Z. Hornberger (TR 139) offered the following observations: chest reveals some limitation of expansion; lungs clear to auscultation and percussion; no evidence of gross enlargement of heart, no murmurs noted, rhythm regular, and sounds of good quality; pulsation in femoral areas adequate; puffy skin over hands and feet; minimal changes of osteoarthritis; X-ray showed heart and great vessels of normal configuration; lungs exhibited mild emphysematous changes but appeared free of infiltrates; pleural spaces free of fluid; no evidence of heart trouble. He stated that there was definite evidence of moderate osteoarthritis which probably produces much of her pain, but he was unable to find other evidence of gross abnormality or disability.

Dr. C. C. Long examined plaintiff on her being admitted to Turner Memorial Hospital on September 4, 1964. His letter and report (TR 150, 151) gave the same report: that plaintiff had no evidence of kidney pathology; that her gall bladder functioned poorly; that the diagnosis was of chronic cholecystitis. He did not offer an opinion as to her ability to engage in gainful activity.

At first glance it appears that this evidence could only lead to the conclusion that plaintiff does suffer from a disability which would preclude her from engaging in any substantial and gainful activity. This is because the only subjective opinion offered by the witnesses was that she could not work and never would be able to. But, as stated by the Hearing Examiner, and correctly so, the regulation requires that the function of deciding whether or not an individual is under a disability is a responsibility of the Secretary. A statement of a physician that a person is "disabled," being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not a person is under a disability as defined by the

act. Such statements are merely evidence to be weighed along with the other evidence in the case. Jacobson v. Flemming, (S.D.N.Y.1960) 186 F.Supp. 936.

In the instant case the Hearing Examiner and the Appeals Council considered all of the evidence, including the physicians' reports and the testimony of the plaintiff and her husband, Arthur Jones, and came to the conclusion that plaintiff did not suffer from any disability which would preclude her from engaging in substantial and gainful employment.

This court's scope of review of this conclusion, as previously stated, is limited by the statute and many decisions to determining whether or not the conclusion is supported by substantial evidence. This court is not permitted to try the case de novo.

In light of these limitations this court cannot say that the findings of the Hearing Examiner and the Appeals Council were not supported by substantial evidence. From the reports of the physicians it could reasonably be concluded that plaintiff could not engage in strenuous manual labor. The Hearing Examiner and the Appeals Council recognized the fact that the plaintiff suffers from a medically determinable physical disability. But, the "three-fold" requirement imposed by the statute, Marion v. Gardner, supra, requires that this disability preclude the plaintiff from engaging in any substantial gainful activity within plaintiff's capability, realistically judged by her education, training and experience. The Hearing Examiner and the Appeals Council found that plaintiff could engage in light to moderate activity which would include substantial and gainful activity similar to much of the activity in which plaintiff has engaged in the past. In view of the record this court cannot say that the findings and conclusions of the Hearing Examiner and the Appeals Council were in error.

An order is being entered today overruling plaintiff's motion for summary judgment and dismissing her complaint.